# Kelly *v.* Burke, Guardian, etc.

*Action of Assumpsit.*

[Decided Feb. 13th, 1902.]

1. *Counts in assumpsit for goods, wares and merchandise delivered, insufficiency of.*—Counts which seek to recover a certain sum of defendant "for goods, wares and merchandise delivered to defendant at his instance and request," or for "goods, wares and merchandise had and received by defendant," are demurrable for failure to show a promise by defendant to pay for said goods, or facts from which such promise would be implied.

2. *Sale of liquor to lunatic invalid, under Code, §§ 3524 and 5079* A sale of liquor to a lunatic's son in charge of his father's saloon, doing business in the lunatic's name, without the prescription of a physician or the consent of the parent, guardan, husband or wife of such lunatic, is void under the statutes and opposed to public policy; and an action will not lie to recover the price, nor can the sale be ratified, and

this though the liquor is sold to be re-sold in the ordinary course of business. (McCLELLAN, C. J., and DOWDELL, J., dissenting on the ground that such sale is not within the influence of sections 3524 and 5079 of the Code.)

3. *Statutes, construction of; when history cannot be looked to.* —When the language of a statute is plain and unambiguous, neither its history nor the mischief intended to be remedied can be looked to for the purpose of qualifying or otherwise defeating its plain mandate.

4. *Replication, when not proven; general charge.*—In an action for the price of goods sold to a lunatic, where, in answer to a plea of lunacy, a replication alleges that the sale was made in .Tennessee in good faith, without knowledge by plaintiff 'that defendant's ward was insane, and the proof shows that the sale was made in Alabama by plaintiff's salesman, who was informed at the time by the son of the lunatic that his father was insane and in an asylum for treatment, the replication is disproven, and the general charge for defendant on issue joined thereon is proper.

5. *Evidence; notice to salesman as notice to his principal.*—In an action against the guardian of a lunatic for the price of goods sold to such lunatic, where an issue in the case was whether the plaintiff at the time of the sale had notice of the lunacy, evidence was admissible that plaintiff's salesman, when he made the sale to the lunatic's son, was informed that the father was insane and in a distant city for treatment.

6. *Evidence as to want of mutuality in contract, and want of authority in son to bind father, who was non compos mentis.* —Where the guardian of a lunatic is sued for the price of liquor sold to the son of the lunatic, for the lunatic, evidence that plaintiff's salesman at the time of the sale was informed of such lunacy, is admissible as involving the right of the son to make a contract which would bind the father, as well as the want of mutuality in the contract.

7. *Pleading and proof; when general charge for defendant proper.* Where, in an action against the guardian of a lunatic for the price of goods, issue is joined on the plea of lunacy, and also on replication thereto, setting up a want of notice in plaintiff of the lunacy, together with other facts, and the plea is proven without dispute, and the evidence shows that plaintiff's salesman had notice of the lunacy, the general affirmative charge for defendant is proper.

8. *Sale to lunatic; evidence to show ratification of inadmissible.* A sale of liquor to a lunatic being absolutely void, evidence to show a ratification thereof is not admissible.

9. *Ruling on pleadings, when error without injury.*—Where demurrers are sustained to replications to certain pleas, and issue is joined on similar replications to other similar pleas, and the pleas are proven and the replications disproven, the sustaining of the demurrers, if error, is without injury.

10. *Filing of pleading, presumption to support ruling of lower court.*—Where the record does not show at what stage of the trial plaintiff offered to file a certain replication, and does show that the facts averred in the replication were disproven by the evidence, the appellate court will presume that the offer to file the replication was not made until after said evidence was adduced.

11. *Sale of liquor to lunatic void under statute; inconsistent claims of plaintiff.*—Where the guardian of a lunatic is sued for the price of whiskey claimed to have been sold to him, and defends on the ground that the sale is void under the statute, plaintiff can not claim that the statute has no application because the sale was made to the lunatic's son, as in such case the son only would be liable.

APPEAL from Cullman Circuit Court.

Tried before Hon. O. KYLE.

Action on common counts. Count two was as follows: "Plaintiff claims of the defendant the sum of one hundred and forty-five and 77-100 dollars, for goods, wares and merchandise *delivered to the defendant* at his instance and request, together with interest thereon from the 28th day of April, 1900." Count three differed only in that it substituted the words "had and received by defendant" for the words italicized in count two. Count four was the same as count two except that it alleged the date of the delivery. Demurrers to said counts were upon the following grounds: (1st) That they do not show that said goods were sold to defendant; (2nd) that they do not show any promise or legal obligation on the part of defendant to pay for the goods; (3rd) they do not show that plaintiff had any interest in said goods; (4th) because from all that appears therein said goods belong to defendant. These demurrers having been sustained, defendant interposed to the remaining counts (which were the common counts in Code form) two pleas of the general issue, and three special pleas, as follows: (3.) "That at the time said contract is alleged to have been made J. A. McMinn was insane and

incapable of making such contract or binding himself thereby;" (4) "That said goods were not purchased by said J. A. McMinn, but by other persons in his name, and at the time of said alleged sale the defendant J. A. McMinn was insane and thereby incapable of making contracts and binding himself thereby, which said fact of insanity was known to said persons purchasing said goods;" (5) "The amount alleged to be due the plaintiff, in his complaint, from defendant, which he seeks to recover by this action, is the price of spirituous, vinous or malt liquors sold by the plaintiff to the defendant, a person known or reputed to be of unsound mind." Plaintiff's demurrers to these pleas were overruled. Replications to pleas three and four were as follows: (1st) "That at the time of the purchase of the goods sued for in this action, J. A. McMinn was engaged in running a saloon, and for several years prior thereto had been, and that said goods were purchased in the ordinary course of business, and were worth, at a reasonable valuation, the price sued for in this action, and that said goods have not been returned or offered to be returned to plaintiff, but have been sold and used for the benefit of said J. A. McMinn and his estate;" (2nd) "That since the purchase of said goods said McMinn has been judicially declared sane by a jury of the probate court of Cullman county, Alabama, and he kept said goods and did not place or offer to place plaintiff in *statu quo*;" (3rd) the same facts as in replication No. 1, with the addition that the goods were sold by plaintiff in good faith without notice of insanity or any fact calculated to put them on notice of same; (6th) the same facts stated in the first and third replications, with the addition "that the contract has been so far executed that plaintiff cannot be placed *in statu quo*;" (7th) substantially the same as the sixth; (8th) "That the goods sued for were shipped to said McMinn on an order purporting to be from him, without notice of his infirmity to contract, and that the goods were worth the amount sued for, and that said goods have been used to the benefit of McMinn and the parties cannot now be placed *in statu quo*." The replications to the fifth plea were as follows: (4th) that plain-

tiff at the time of said sale was a wholesale liquor dealer in Chattanooga, Tenn., that the goods were sold there and shipped from there, and that plaintiff at the time of the sale had no knowledge of said insanity or of facts to put him on knowledge thereof;" (9) "That plaintiff is a wholesale liquor dealer residing and doing business in the State of Tennessee; that said goods were sold and delivered to defendant in said State to be sold by defendant in the ordinary course of the defendant's business as a retail liquor dealer at Cullman, Ala.; that plaintiff did not know that said McMinn was insane; and that said goods were so sold in good faith, without fraud or imposition, for a fair consideration, and that said contract or sale has been so far executed that the parties thereto cannot be restored to their original positions;" (10) "That the whiskey was sold to said McMinn as a dealer in whiskey, and not for drinking purposes, and was for a fair consideration, without fraud or imposition of plaintiff, or knowledge or notice of his infirmity, and that the contract has been so far executed that plaintiff cannot be placed *in statu quo*, and that McMinn has received the benefit of the same to his estate." Demurrers were sustained to replications one, two, three, four and ten, for reasons shown in the opinion. Demurrers to replications 6, 7, 8 and 9 were overruled. The trial was had on issue joined on these replications and on pleas one and two. The evidence showed that J. A. McMinn had been in the retail liquor business at Cullman, Alabama, for several years, but about January 1st, 1900, was sent by his family to Cincinnati for treatment at a private hospital for the insane; that during his absence his son, T. D. McMinn, took charge of his saloon business, no one having been left in charge when the father departed, and that the son was in charge, conducting the business in the father's name when the whiskey was bought from plaintiff's salesman in February, 1900; that in April, 1900, J. A. McMinn was duly declared insane by decree of the probate court; that in May he returned home and shortly thereafter was declared sane by decree of the probate court, and (as shown by some of the evidence) took charge of the cash and did the paying of bills. One

Curtis testified that in August, 1900, he presented to McMinn the account sued on, and he stated to Curtis that the goods were bought while he was away, but he would see about it, and later, when asked by Curtis to return part of the goods (a barrel of whiskey) he stated that the same was opened and he could not do so. Burke, as a witness for plaintiff, testified that he was bookkeeper for McMinn on February 26th, 1900, and showed an entry on the book showing an account with plaintiff for $145.77, which he said was not credited. On defendant's motion this evidence was excluded. Other material evidence is shown by the opinion.

From a judgment for defendant plaintiff appeals.

BROWN & CURTIS and R. L. HIPP, for appellant.—(1.) Counts two and three were good.—Code, p. 944, form 10; *Chickering v. Bromberg,* 52 Ala. 528; *Smith v. Dick,* 95 Ala. 311. (2.) An insane person is liable on executed contracts.—*Wilder v. Weakley,* 34 Ind. 181; Addison on Cont. (6th ed.), 1033-34; Smith on Cont. (5th ed.), 243-4; 1 L. R. A. 610, note; *Beall v. See,* 10 Pa. St. Rep. 56; 4 Pa. St. Rep. 375; 7 Am. & Eng. Ency. Law (2d ed.), 100; 11 Am. & Eng. Ency. Law (1st ed.), 136; *Milligan v. Pollard,* 112 Ala. 465; *Memphis, etc., Bank v. Neely,* 34 L. R. A. 274; 49 Am. Dec., 573; 2 Am. Rep. 202; 70 Am. Dec., 196; *Eureka Co. v. Edwards,* 72 Ala. 248; *Manning v. Johnson,* 20 Ala. 446; 92 Am. Dec., 428. (3.) The sale was ratified by McMinn. Bishop on Cont., § 944; *Fant v. Cathcart,* 8 Ala. 725; *Westmoreland v. Davis,* 1 Ala. 297; *Gurley v. Davis,* 7 Ala. 315; 1 Pars. on Bills, etc., 151; 1 Am. & Eng. Ency. Law (2d ed.), 118, 1181. (4.) The statement of T. D. McMinn to Lowry was not admissible, without independent proof of Lowry's agency for plaintiff.—*Tanner, etc. Co. v. Hall,* 86 Ala. 305; *Martin v. Brown,* 75 Ala. 442; 3 Brick. Dig. p. 21, § 40; *Stewart v. Sonneborn,* 49 Ala. 178; *Grant v. Cole,* 8 Ala. 519; Story on Agency, §§ 140, 451. (5.) An insane man's contract, made with knowledge of his insanity, may be ratified in a lucid interval.—*Lilly v. Wagner,* 27 Ill. 375; *Lazar v. Shields,* 23 N. J. Eq., 509; *Hall v. Warren,* 9 Ves. Jr., 605; *Hovey v. Hobson,* 55 Me. 256; *Aunion v. Stout,* 42 Pa.

St. 114; *Miller v Gray*, 36 Ill. 109; *Demitt v. Demitt*, 44 N. H. 531.

J. B. BROWN and GEORGE H. PARKER, *contra.*—(1.) The third plea presented a good defense.—*Milligan v. Pollard*, 112 Ala. 465;*Hasler v. Beard*, 56 Am. St. Rep. 726; *Davis v. Tower*, 65 Ala. 98; *Dominick v. Randolph*, 124 Ala. 557. (2.) An insane person cannot be bound by agent.—1 Am. & Eng. Ency. Law (2d ed.), 1125, 940; Story on Agency, § 6; *Dexter v. Hall*, 15 Wallace, 9; *Glass v. Glass*, 76 Ala. 371; *Philpot v. Bingham*, 55 Ala. 435. (3.) The sale was void under the statute. Code, § 3524; *Moog v. Hannon*, 93 Ala. 503; 18 Am. & Eng. Eency. Law, 654-5. (4.) Notice to Lowry was notice to plaintiff.—1 Am. & Eng. Ency. Law (2d ed.), 1144; *Bir. Trust Co. v. La. Nat. Bank*, 99 Ala. 379. (5:) Plaintiff was bound at his peril to know the extent of T. D. McMinn's authority.—*Wheeler v. McGuire, etc., Co.*, 86 Ala. 398; *Jackson v. King*, 15 Am. Dec., 366, note. (6.) It was not necessary to put plaintiff *in statu quo.*—*Eureka Co .v. Edwards*, 71 Ala. 248; *Martin v. Martin*, 35 Ala. 560; *Pike v. Pike*, 104 Ala. 644; *Gibson v. Soper*, 6 Gray 279.

TYSON, J.—The complaint originally contained one count for goods, wares and merchandise sold by plaintiff to defendant. The action was begun against J. A. McMinn, but after it was instituted, the defendant, upon inquisition, was adjudged insane and Burke appointed his guardian. Burke, as guardian, appeared and defended and there was a judgment in his favor, from which the plaintiff prosecutes this appeal.

Plaintiff amended his complaint by adding counts 2, 3, 4, 5 and 6. A demurrer was sustained to counts 2, 3 and 4. Neither of these counts stated a cause of action. They aver no promise to plaintiff by defendant to pay for the value of the goods alleged to have been delivered or received by defendant; nor are sufficient facts alleged out of which an implied promise arose.—*Chickering v. Bromberg*, 52 Ala. 528. There was, therefore, no error in sustaining the demurrer to each of them.

16s

It appears from the bill of exceptions only that plea 4 was offered to be amended, but that the court refused to allow the amendment to be filed. The amendment offered did not cure the defect in the count. While this ruling of the court is assigned as error, it is not insisted upon in argument.

With these counts properly eliminated, the cause was tried upon counts 1, 5 and 6. The first two were for goods sold and the last for money had and received. A number of defenses were interposed. Among these defenses was one that the money sought to be recovered was the price of spirituous, vinous and malt liquors sold in violation of law. Section 3524 of the Code makes *all* sales of spirituous, vinous or malt liquors to a person of unsound mind, without the consent of the parent or guardian of such person, void. Section 5079 of the criminal Code makes it an offense for any person to sell such liquors to a person known or reputed to be of unsound mind, unless it be upon the prescription of a physician or with the consent of the parent, guardian, husband or wife of such person. If McMinn was insane at the time of the alleged sale of the whiskey to him and there was no consent given by the persons authorized to consent and no prescription of a physician, the sale was void, not only on account of being positively declared so by section 3524, but on account of being opposed to public policy. Such contracts cannot be ratified or confirmed by subsequent acts or agreements of the parties. The sale being void an action will not lie to recover the price.—*Moog v. Hannon,* 93 Ala. 503. Nor is it of consequence that the ward's estate got the benefit of the transaction by a resale of the whiskey and the appropriation of its proceeds.—*Bluthenthal & Bickert v. The Town of Headland,* 132 Ala. 249. So, too, it is of no consequence that the ward did not offer to return the whiskey during his lucid interval, if he had one. This he was not bound to do, since the sale was void, and incapable of ratification. Nor was it of any moment that the whiskey was sold by plaintiff to be resold in the ordinary course of business and not to be drunk by McMinn. No such exception is

found in the statutes and we have no authority to engraft it. And such exception cannot be introduced by way of construction since the language employed in these statutes is plain and unambiguous. Where this is the case neither the history of these statutes nor the mischief intended to be remedied can be looked to for the purpose of qualifying or otherwise defeating their plain mandate. In *The State ex rel. v. McGough*, 118 Ala. 166, after recognizing broadly the rule of construction so as to give force to the intention of the legislature by reference to the history, the causes leading to the adoption of the statutes and the evils intended to be remedied by them, it was said: "But there are other rules of interpretation that may override all others, as when a law is plain and unambigious, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction. Possible or even probable meanings, when one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere." See also *Ex parte Mayor, etc. of Florence*, 78 Ala. 419.

We have but to apply these principles to the demurrers interposed to the plea invoking this defense and to the replications thereto, to which demurrers were sustained, to see the correctness of the rulings of the court in overruling the former and sustaining the latter.

The only replication left to the plea setting up the defense above considered, was the one numbered 9. That replication alleged that the sale of the whiskey by plaintiff was made in the State of Tennessee, to be resold by defendant as a retail liquor dealer at Cullman, Alabama; that plaintiff did not know of McMinn's insanity and that the sale was in good faith, without fraud or imposition, for a fair consideration, and that said sale had been so far executed that the parties thereto could not be restored to their original position. Issue was joined upon this replication. The evidence undisputedly, and without adverse inference to the contrary, shows that when the whiskey was bought by T. D. McMinn, a son of J. A. McMinn, the lunatic, the father was in a hospital in Cincinnati and insane; and that *it was bought and*

*delivered in Cullman.* Furthermore, the evidence shows undisputedly, that the salesman, when he made the sale to young McMinn, was informed by the latter that his father was insane and in Cincinnati for treatment. This latter evidence, however, was objected to and it is insisted that its admission was error. We are unable to perceive any merit in the objection. The salesman for plaintiff was engaged in making the sale when he received the information and the information imparted to him was of the highest importance, since it involved, not only the right of young McMinn to make a contract which would bind his father, but also the want of mutuality in the engagement upon which the salesman of plaintiff was about to enter for his principal.—*Birmingham Trust & Sav. Co. v. La. Nat. Bank,* 99 Ala. 379; 1 Am. & Eng. Ency. Law, (2d ed.), 1144 and note 1. The theory of plaintiff's objection is that the evidence does not disclose that Lowrey, the salesman, had authority to represent him, and therefore notice to Lowrey of McMinn's insanity was not notice to him. This is unsupported by the record Lowrey took the order for the sale of the whiskey, made the contract for its sale, and plaintiff delivered it.

The evidence having established without dispute the defense set up in the fifth plea and having disproven, without dispute or conflict, the ninth replication thereto, the court properly gave the affirmative charge for the defendant.

The exception reserved by plaintiff to the sustaining of defendant's objection to the question propounded to witness Burke, if error, was without prejudice, since the manifest purpose of it was to show ratification by J. A. McMinn of the sale of the whiskey.

So, too, if there was error committed by the court in overruling the demurrers of plaintiff to special pleas 3 and 4 or in sustaining demurrers to the replications to those pleas, it was without injury.

We are not informed by the record at what stage of the trial the plaintiff offered to file the replication to plea 5 that "said goods were sold in Chattanooga, Tenn." The recital is, "after the court had sustained the defendant's demurrers to the plaintiff's replications and plaintiff

had refused to plead further, plaintiff asked leave of the court to file a replication to plea 5," etc. All this may be true, and yet the request to file this replication may have been made after the evidence had been introduced showing the sale to have been consummated in Cullman and not in Chattanooga. If this was true clearly the court committed no error in its refusal. And in the absence of an affirmative negation in the record to the contrary, we must indulge the presumption that this was true. Error must be affirmatively shown and until so shown we must presume in favor of the correctness of the ruling of the trial court.—3 Brick. Dig., 406, § 40. Aside from this, the fact of sale in Chattanooga was averred in replication numbered 9 upon which issue was joined, and as we have said, the proof shows undisputedly that the sale was made in Cullman. So then, it can be said that no injury resulted in the court's refusal to allow the filing of this replication.

It may be well, in conclusion, to notice briefly the contention of appellant that the transaction cannot be affected by the statutes referred to above because the same was made to T. D. McMinn and not to J. A. Mc-Minn, the lunatic. Accepting the correctness of the contention, then the plaintiff must fail for the obvious reason that he sold no goods to defendant's ward, and, therefore, there is no liability for the price or for money had and received. The whiskey was either sold to J. A. McMinn or it was not. If sold to him his estate is not liable for the reasons stated above and if it was not sold to him, but to his son, then his son alone is liable.

Affirmed.

McCLELLAN, C. J., and DOWDELL, J., dissenting. They hold the view that the sale was not within the influence of sections 3524 and 5079 of the Code, but concur in what is said on the other questions involved.