# McCrary *v.* Brown.

*Assumpsit.*

(Decided June 2, 1908.)

1. *Bills of Exception; Signing; Time; Matter Presented.*—Where final judgment was rendered by the Clay County Court on the 25th day of March, 1907, and on the same day a motion to vacate the judgment and dismiss the cause was overruled, and subsequently on

the 3rd day of September following, motion to retax costs was denied, and thirty days allowed for bill of exceptions, a bill of exceptions signed within that time presents nothing for review save the ruling of the court on motion to retax costs.

2. *Appeal and Error; Review; Matters Presented.*—In the absence of a bill of exception a motion to allow an amendment to the complaint, and the court's action thereon, is not presented for review.

3.—*Work and Labor; Complaint; Sufficiency.*—A count for work and labor done which fails to aver that the work and labor was done at the request of the party sought to be charged, is insufficient and subject to demurrer.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Action by S. J. Brown against John D. McCrary for work and labor done. Judgment for plaintiff and defendant appeals. Reversed and remanded.

WHATLEY & CORNELIUS, for appellant. Counsel discuss the allowance of the amendment and cite authority in support of their contention. They insist that the demurrer to the complaint should have been sustained.

ROWLAND & ALLEN, for appellee. No brief came to the Reporter.

TYSON, C. J.—On the 25th day of March, 1907, the trial court rendered the final judgment for the plaintiff and also overruled the defendant's motion to vacate that judgment and dismiss the cause. Subsequently, on the 3rd day of September following, the motion of defendant's to retax the casts was denied and he was allowed thirty days within which to prepare and present his bill of exceptions. The paper in the record purporting to be a bill of exceptions is dated October 1st, 1907. It is apparent from this statement that it can be considered only for the purpose of reviewing the ruling upon the motion to retax the casts. While this ruling is assigned as error, that assignment is not insisted on in brief of appellant's counsel and, therefore, must be treated as waived.

While, perhaps, the ruling of the court in allowing the plaintiff to amend her complaint, by substituting for same (which contained nothing more than the common counts) a new complaint, containing the common counts, differing from the original only in respect to the amount claimed and the dates when due, may not technically be presented for review, yet the writer feels no hesitancy in expressing the opinion that the amendment was allowable. ,The ,amendment clearly introduced no new cause of action and, therefore, was not a departure. It amounted to no more than a simple correction of the averments.—*Chambers v. Talladega K. E. & L. Asso.,* 126 Ala. 296; *Karter v. Fields,* 140 Ala. 363; 4 Cyc. 346.

The Justices sitting hold the view that the question of the allowance of the amendment is not presented, and therefore express no opinion on the point.

The third count of the substituted complaint, which is a common count for work and labor done, fails to aver that the work and labor was done at the request of defendant. This defect was specifically pointed out by the demurrer interposed to the count. The demurrer should have been sustained (From 10, in Code, p. 944; 2 Ency. Pl. & Pr. 1004), *non constat* the work and labor was performed gratuitously or the defendant neither accepted nor received the benefit of such labor.

For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.