[Smythe v. Dothan F. & M. Co.]

# Smythe *v*. Dothan F. & M. Co.

### *Assumpsit.*

(Decided April 21, 1910.   52 South. 398.)

1. *Account; Complaint; Allegation of Balance Due.*—In an action for balance due on an account, a count is demurrable for failure to allege that the account was due from the defendant, it alleging only that the plaintiff claims of the defendant $200.00, balance due on the account, on to-wit, Aug. 1, 1908.

2. *Pleading; Variance; Parties.*—Where the suit is on a joint contract and the evidence shows that only one defendant is liable, the variance is fatal; judgment cannot be rendered against one of two joint defendants, unless the other is discharged on some personal defense.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by the Dothan Foundry and Machine Company against E. M. Smythe. Judgment for plaintiff and defendant appeals. Reversed and remanded.

ESPY & FARMER, for appellant.—The court erred in overruling demurrers to count 1.—*Kelly v. Burke,* 132 Ala. 235. The complaint declared on a joint contract and the proof disclosed that if any account was made it was made with J. M. Smythe alone. This constituted a fatal variance.—*Lord v. Calhoun,* 50 South. 402; *Garrison v. Hawkins L. Co.,* 111 Ala. 311; *McAnally v. Hawkins L. Co.,* 109 Ala. 397; *Gamble v. Kellam,* 97 Ala. 677.

R. P. COLEMAN, for appellee.—No brief came to the Reporter.

SIMPSON, J.—This suit is by the appellee against the appellant. The first assignment of error is to the

overruling of defendant's demurrer to the first count of the complaint. The count is in these words: "The plaintiff claims of the defendant $202.28, balance due on account, on, to wit, the 1st day of August, 1908." The ground of demurrer is that the count does not aver by whom the account is due. By reference to the form laid down in the Code (Code 1907, p. 1195, No. 10). it will be noticed that the words "from him," in the form, are omitted in this count, so that the count does not show whether the account sued on is due by the defendant or some one else. The forms in our Code have reduced the allegations of the complaint to a minimum, and this court does not feel called upon to reduce them further by construction.

This court has held that counts which alleged that goods, wares, and merchandise were "delivered to the defendant," at his instance and request, or that were "had and received by the defendant," were subject to demurrer, because they "aver no promise to plaintiff by defendant to pay for the value of the goods alleged to have been delivered, or received by the defendant; nor are sufficient facts alleged out of which an implied promise arose."—*Kelly v. Burke, Guardian,* 132 Ala. 235, 241, 31 South. 512. A count for work and labor done was held subject to demurrer because it failed to state "at defendant's request."—*McCrary v. Brown,* 157 Ala. 518, 50 South. 402. So in this count no fact is alleged which shows that the account was due by the defendant. The demurrer should have been sustained.

The suit is against J. M. Smythe and N. H. Jordan. The evidence showed without conflict that if any one was liable under the contract it was only J. M. Smythe, and the jury rendered the verdict against Smythe alone, and the judgment was so rendered. It has fre-

quently been decided by this court that when suit on a contract is joint, and proof shows that only one of the defendants is liable, it is a fatal variance, and judg- ment cannot be rendered against one alone, unless the other is discharged on some personal defense.—*Lord et al. v. Calhoun*, 162 Ala. 444, 50 South. 402; *Garrison v. Hawkins Lumber Co.*, 111 Ala. 308, 20 South. 427, and cases cited; *Gamble v. Kellum*, 97 Ala. 677, 12 South. 82.

The defendant was entitled to the general affirmative charge. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., con- cur.