# Dixie Industrial Company *v.* Manly.

*Assumpsit.*

(Decided Dec. 21, 1911. 57 South. 49.)

*Assumpsit; Complaint.*—A count declaring in assumpsit that the plaintiff claims of the defendant $500.00 due by account on the 1st day of December, 1908, is demurrable for failing to show that the account declared on was due from the defendant to the plaintiff.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by G. F. Manly against the Dixie Industrial Company on account. Judgment for plaintiff and defendant appeals. Reversed and remanded.

RIDDLE, ELLIS, RIDDLE & PRUETT, for appellant. The court erred in not sustaining demurrer to the count.—*Smythe v. Dothan F. & M. Works,* 52 South. 398. The defendant proved his pleas and was entitled to a verdict.—*Gilliland & Son v. Martin.*

GEORGE A. SORRELL, for appellee. Counsel discuss assignments of error, but without citation of authority.

DE GRAFFENRIED, J.—In the case of *Smythe v. Dothan Foundry & Machine Co.,* 166 Ala. 253, 52 South. 398, the Supreme Court uses the following language: "The first assignment of error is to the overruling of defendant's demurrer to the first count of the complaint. The count is in these words: 'The plaintiff claims of the defendant $202.28, balance due on account, on, to wit, the 1st day of August, 1908.' The ground of demurrer is that the count does not aver by whom the account is due. By reference to the form laid down in

the Code (Code1907, p. 1195, No. 10) it will be noticed that the words 'from him,' in the form, are omitted in this count, so that the count does not show whether the account sued on is due by the defendant or some one else. The forms in our Code have reduced the allegations of the complaint to a minimum, and this court does not feel called upon to reduce them further by construction. * * * The demurrer should have been sustained."

In the case now under consideration, the first count was in the following words: "The plaintiff claims of the defendant $500 due by account on the 1st day of December, 1908." The defendant demurred to this count of the complaint on the ground that it "fails to show that account declared on was due from the defendant to the plaintiff." The slightest comparison of the count set out in *Smythe v. Dothan Foundry & Machine Co.,* *supra,* with the first count of the complaint in this case, will show that the two counts are identical. The ground of demurrer assigned to the first count of the complaint in *Smythe v. Dothan Foundry & Machine Co., supra,* was the same ground which the defendant assigned to the first count of the complaint in the instant case. It is therefore evident that we must hold that the trial court committed reversible error in not sustaining the demurrer of the defendant to the first count of the complaint.

This case is therefore reversed and remanded.

Reversed and remanded.