(77 South. 445)

LANG v. LEITH. (6 Div. 209.)

(Court of Appeals of Alabama. Nov. 13, 1917. Rehearing Denied Jan. 15, 1918.)

1. PLEADING ⟨key⟩205(2) — DEMURRER — SUFFICIENCY.

Under Code 1907, § 5340, requiring demurrers to specify objections, a general demurrer does not raise the point that a count fails to state a cause of action.

2. TRIAL ⟨key⟩330(3) — GENERAL VERDICT — PLEADINGS.

A general verdict is not invalidated by the failure of one count to state a cause of action where there are good counts to which it may be referred.

3. APPEAL AND ERROR ⟨key⟩1170(3)—REVERSAL — HARMLESS ERROR — SUSTAINING DEMURRER.

Any error in sustaining a demurrer to a plea raising the general issue is harmless where defendant had the benefit of the general issue, under Supreme Court rule No. 45 (175 Ala. xxi, 61 South. ix), prohibiting reversal for errors not injuriously affecting substantial rights.

4. ATTORNEY AND CLIENT ⟨key⟩166(2)—ACTION FOR COMPENSATION—ADMISSIBILITY OF EVIDENCE.

In an attorney's action for compensation, where defendant introduced an entry in plaintiff's book showing that defendant's wife was a party to the action involved, plaintiff may introduce a further entry indicating his employment by defendant.

5. APPEAL AND ERROR ⟨key⟩1078(1)—ASSIGNMENTS OF ERROR—WAIVER.

An assignment of error unsupported by authority or argument is waived.

6. ATTORNEY AND CLIENT ⟨key⟩166(3)—ACTION FOR COMPENSATION—ADMISSIBILITY OF EVIDENCE.

In an attorney's action for work and labor, evidence regarding the amount involved in the controversy for which the charge was made is competent to establish the amount of responsibility assumed by plaintiff.

7. ATTORNEY AND CLIENT ⟨key⟩166(4)—ACTION FOR COMPENSATION—ADMISSIBILITY OF EVIDENCE.

In an attorney's action for compensation, evidence of conferences with other parties in defendant's absence regarding the pending litigation and settlement was competent to show that plaintiff was doing the work for which he was employed.

8. ATTORNEY AND CLIENT ⟨key⟩166(1)—ACTION FOR COMPENSATION—ADMISSIBILITY OF EVIDENCE.

In an attorney's action for compensation, evidence regarding the time a third party spent on the litigation in question *held* immaterial.

9. FRAUDS, STATUTE OF ⟨key⟩23(4)—ANSWERING FOR ANOTHER'S DEBTS—ATTORNEY'S ACTION FOR COMPENSATION.

Code 1907, § 4289, invalidating oral promises to answer for another's debt, is inapplicable to a husband's original promise to pay an attorney for defending his wife's interests during litigation.

10. APPEAL AND ERROR ⟨key⟩699(2) — QUESTIONS REVIEWABLE—INSTRUCTIONS.

A charge not incorporated in the record as required by Acts 1915, p. 815, is not reviewable.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Assumpsit by M. L. Leith against Robert Lang for attorney's fees. Judgment for plaintiff, and defendant appeals. Affirmed.

Ray & Cooner, of Jasper, for appellant. J. M. Pennington, of Jasper, for appellee.

SAMFORD, J. [1, 2] 1. The appellant complains that the court erred in overruling his demurrer to the fourth count of the complaint, which count was in the following words:

"(4) Plaintiff claims of the defendant the sum of $725, due for work and labor done by plaintiff at the request of defendant during the year 1915, which amount, with the interest thereon, is due and unpaid."

If the objection had been taken by timely demurrer in the court below, the demurrer

would doubtless have been sustained. Smythe v. Dothan F. & M. Co., 166 Ala. 253;[1] Kelly v. Burke, 132 Ala. 241.[2] But a general demurrer does not raise the point. Code 1907, § 5340; Henley v. Bush, 33 Ala. 636. The count does not state a cause of action, and hence would not support a verdict, but the verdict was general, and there were good counts in the complaint to which it will be referred.

[3] 2. Plea 2 was nothing more than the general issue, and the defendant had the benefit of that plea under plea 1, which was the general issue; therefore, if there was error in sustaining a demurrer to it, injury did not result to the defendant. Supreme Court Rule 45.

[4] 3. Appellant insists that the entries on the books of appellee relating to this transaction and made at the time of employment are not competent testimony. The defendant brought out the fact on cross-examination that the entries on the book had been made by plaintiff, and himself introduced all of the entries except the items of credit and the entry: "Employed by Robert Lang." It having been shown by the defendant that the entry showed the style of the case for which the fee was charged was "Mrs. Lang et al., as Ex., etc., v. Bessie et al.," the plaintiff was entitled to the entire entry made at the time.

[5] 4. As to this assignment, the appellant cites no authority, and makes no argument. We therefore consider the point as waived.

[6] 5. There was a count in the complaint for work and labor done, hence it was competent for plaintiff to show the amount involved in the controversy, in fixing a reasonable value for his services. One of the principal elements entering into the value of services rendered by an attorney is the amount of responsibility he assumes.

[7] 6-8. The evidence that plaintiff had conferences with the other parties, in the absence of the defendant, in which they talked about the pending litigation and settlement was entirely competent, as tending to show that plaintiff was doing the work for which he was employed.

9. There is nothing in either of these rulings that could have injuriously affected the defendant.

[8] 10. The objection to the question to the witness Powell as to how much time Powell took up in the litigation with the plaintiff was not material in this case. The question was as to the value of plaintiff's services, and not that of Powell.

11. The eleventh assignment is not insisted upon.

[9, 10] 12. Charge No. 1, refused to the defendant, was in the following words:

"If the jury are reasonably satisfied from the evidence in this case that M. L. Leith was employed by Robert Lang in a suit in equity between Sallie Cunningham, as complainant, against Mary Mulford and Martha Lang, as executors of the estate of T. J. King, deceased, and others, and if the jury are reasonably satisfied from the evidence that the employment of M. L. Leith, if he was employed, was to represent the defendants in the chancery case above mentioned, and was not to represent Robert Lang, then you must find for the defendant, Lang, unless there was a written contract or agreement between Leith and Lang that stated the consideration, and was also signed by Lang, or by some one lawfully authorized by him in writing to make or sign the said memorandum or agreement."

This charge does not assert a correct principle of law as applied to any phase of the evidence in this case. It is true, under the statute of frauds, a promise to answer for the debt, default, or miscarriage of another is void, unless such agreement or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged, etc. Code 1907, § 4289. But this does not apply to an independent original undertaking. The defendant had a perfect right to make an independent original contract with plaintiff, for the protection of his wife's interest in pending litigation, and this principle the charge ignores. Besides, the charge is not in the record, as required by Acts of 1915, p. 815, and therefore cannot be considered on appeal.

We find no error in the record, and the judgment is affirmed.

Affirmed.