(77 South. 446)

## HAMNER & SON v. JOHNSON.
(6 Div. 130.)

(Court of Appeals of Alabama. Nov. 27, 1917.)

1. CHATTEL MORTGAGES ☞17 — LACK OF TITLE—TITLE TO CROPS PREVIOUSLY MORTGAGED.

The mortgagor of crops not having a potential interest in the lands on which they were grown at the time of the execution of mortgages to defendant, such mortgages did not convey any interest in the crops grown on the lands, as against plaintiffs, as later mortgagees.

2. EVIDENCE ☞241(1) — DECLARATIONS OF AGENT—EVIDENCE.

In an action for the conversion of mortgaged crops, it being important for plaintiffs to prove the amount and value of the crops grown on certain lands that had gone into the possession of defendant or his agent, the declarations of the agent were competent.

3. EVIDENCE ☞258(1) — DECLARATIONS OR ADMISSIONS OF AGENT—INDEPENDENT EVIDENCE OF AUTHORITY.

There being independent proof tending to show the agency of one and the extent of his authority which would warrant the jury in finding that the agency existed, if the jury so found, the agent's admissions were admissible against his principal.

4. APPEAL AND ERROR ☞1064(1)—HARMLESS ERROR—INSTRUCTION.

In an action for conversion of mortgaged crops, a charge that the evidence must reasonably satisfy the jury what property and how much defendant converted before they could find verdict for plaintiffs, and that the jury could not guess or speculate as to how much property or

its value to find against defendant, though possibly misleading, was not reversible error.

5. TRIAL ☞252(1) — WRITTEN CHARGES — CLEAR STATEMENT OF LAW APPLIED TO FACTS.

Written charges should not be given unless they contain a clear uninvolved statement of the law as applied to the facts.

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Action by Hamner & Son against G. W. Johnson. From a judgment for defendant, plaintiffs appeal. Judgment reversed, and cause remanded.

Sample & Kilpatrick, of Cullman, for appellants. F. E. St. John, of Cullman, for appellee.

SAMFORD, J. It is unnecessary to pass upon the motion to strike the bill of exceptions in this case, as the decisive questions involved are embodied in the motion for a new trial, which motion was overruled, and that action is here assigned as error. The bill of exceptions was presented in time for a review of this question. Plaintiffs claim title to the property claimed to have been converted under a mortgage executed to them by one H. E. Adams and B. F. Chappell, dated March 15, 1914, describing "entire crops" grown by mortgagors, etc. Indebtedness was shown to be due plaintiff under the mortgage, which was in evidence. It was also shown that the mortgagor, Adams, made a crop on his father's place; that he and the mortgagor Chappell made a joint crop on Chappell's land; that for the crop on the Chappell land he furnished the stock and implements, and Chappell the labor, with the agreement to divide the crop; that this trade was made with Chappell before the execution of the mortgage to plaintiff and after the execution of the Adams mortgage to defendant and Sutterer, both of which last-named mortgages were introduced in evidence, defendant claiming under both.

There was evidence tending to show, and from which the jury might have determined, that the defendant employed Ben Ingram as his agent to go and gather the crop raised by the two mortgagors on the Chappell land; that Ben Ingram did gather at least a part of these crops. After this plaintiff sought to show by a witness the declaration of Ben Ingram while he was gathering the crops as to the amount of the crops gathered by him and their disposition. The defendant objected to this, and the court sustained the defendant's objection. This action of the court is assigned as three of the grounds for the motion for a new trial.

The court at the request of the defendant gave the following charge:

"The court charges the jury that the evidence in this cause must reasonably satisfy the jury what property and how much property the defendant converted before you can find a verdict for the plaintiff, and the jury cannot guess or speculate as to how much property or the value of same in order to find against the defendant."

[1, 2] This action of the court is assigned as another ground for the motion for a new trial. Adams not having a potential interest in the Chappell lands at the time of the execution of the mortgages to defendant and Sutterer, these mortgages did not convey any interest in the crops grown on the Chappell lands, and hence the title to such crops was in plaintiffs. It therefore became important for the plaintiffs to prove the amount and value, if any, of the crops grown on the Chappell lands that had gone into the possession of defendant or his agent, if, in fact, Ingram was defendant's agent. For this purpose the declarations of the agent were competent testimony. Montgomery-Moore Mfg. Co. v. Leath, 162 Ala. 246, 50 South. 210.

[3] We are familiar with the rule laid down in Postal Tel. Co. v. Lenoir, 107 Ala. 643, 18 South. 266, that "the declarations or conduct of one professing to act as agent of another cannot be received as evidence against the principal without independent proof of his authority," but in this case there is independent proof tending to show the agency of Ingram and the extent of his authority, which would warrant the jury in finding that the agency existed, and if the jury should so find, the agent's admissions would be admissible.

[4, 5] While the charge may have misleading tendencies, the giving of it was not reversible error. Written charges should not be given unless they contain a clear, uninvolved statement of the law as applied to the facts in the case, the court having in mind that the jurors are usually not trained to draw legal distinctions in the phraseology used by attorneys in asking written charges.

The motion for a new trial should have been granted, and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.