(118 So. 670)

## Ex parte YARBROUGH.

## MASSEY v. YARBROUGH. ·

### (4 Div. 393.)

Supreme Court of Alabama. Oct. 4, 1928.

Rehearing Denied Dec. 6, 1928.

W. O. Mulkey, of Geneva, J. M. Loflin, of Enterprise, J. C. Fleming, of Elba, and Sollie & Sollie, of Ozark, for appellant.

Wilkerson & Brunson, of Elba, for appellee.

Brief did not reach the Reporter.

THOMAS, J. The respective issues of fact are given statement in count A, plea 1, the general issue, plea 3, want of consideration, and 2, of fraud, and by the replication to plea 2. Appellee petitioner here insists that the evidence on which reversal was predicated was material, or, if immaterial, was not such as that it affected or influenced the jury in finding for plaintiff under count A.

It is charged in said count that plaintiff was defendant's attorney in and about a pending suit for foreclosure; the amount of the unpaid balance for attorney's fees was controverted, the parties entered into agreement as to the amount of same, and on failure of payment of such increased sum or installment thereof the instant suit was commenced. The plea of fraudulent misrepresentation of material fact on which defendant relied is as follows:

" * * * The plaintiff held and had in his possession an option in writing, executed and given theretofore by the defendant to the Eaton Hayman Realty Company, giving the said company the right to purchase of defendant the land referred to for the sum of $9 per acre, that said option was still outstanding and binding, and that, unless the defendant agreed to pay the plaintiff the said sums of money agreed upon, he, the plaintiff, could and would deliver the said option back to one Julian L. Peek, who was the transferee thereof, and thereupon said Peek could and would cancel the contract of purchase described in said count; whereas, as a matter of fact, the said Peek and the said Eaton-Hayman Realty Company had already executed and delivered to defendant's agent releases in writing of their rights upon the said option and the same had been legally recorded, but which fact was unknown to defendant at the time he made the said agreement, and the plaintiff knew that the said Peek, the legal holder of said option, had executed a release of said option, but said fact was not known to defendant, and as a consequence defendant had and has a right to repudiate the said agreement by reason of said false representations, which constitute a legal fraud as to him and his rights."

The reply to the plea was:

"At the time it is alleged in said plea that plaintiff did and said the things he is alleged in said plea to have done, the option alleged in said plea had been assigned to and had become the property of James L. Peek, the person to whom the lands in question were sold by defendant, and which were covered by said option; and, subsequent to the assignment to said Peek, defendant entered into a legally binding contract in writing to sell said lands to said Peek, which contract of sale was outstanding and binding on said Peek and defendant at the time it is alleged in said plea plaintiff did and said the matters and things charged in said plea, and at the time of said compromise defendant had been informed that said option had been assigned and belonged to said Peek, and that he held and owned the same, at the time when said contract of sale of said lands was executed between defendant and said Peek, and said contract of sale obligated and bound said Peek to pay defendant fifty thousand dollars for said lands, upon the terms expressed in said contract of sale. 'And

462

prior to said compromise plaintiff had notified defendant that said Peek had executed a release of said option to defendant and that plaintiff held said release.' "

The evidence on which reversal was had was a statement made by appellee plaintiff to the purchaser of the Florida lands, after the agreements that antedated the purchase by defendant at foreclosure, and in the effort to close the contract of resale by defendant purchaser to Peek, pursuant to former stipulations or agreements between them, which resale was consummated by the parties through the offices and agency of plaintiff, and the defendant realized a large profit thereby. This is to say: Realized a large sum in excess of the amount of the decree of foreclosure in appellant's behalf, and which was intercepted by the private agreements and activities of plaintiff and defendant by and through the agency and representations of plaintiff.

 .Whatever may be said of the right of the mortgagor in said foreclosure, and to any equities that may have resulted therefrom in a due and orderly execution of the court's decree, it is sufficient to say that such rights or questions are not litigable issues in this suit. In an action by an attorney for his compensation, evidence of conferences and the effect and purport thereof by the attorney on behalf of the principal may be shown, as shedding light upon the good faith and action for the principal by the attorney, if within the scope of the agency and that for which the attorney was employed and engaged in the execution thereof. Lang v. Leith, 16 Ala. App. 295, 77 So. 445. The effect of the quoted evidence was that appellee in the line of the duties of his employment—to close the transaction as required by his client and to consummate the resale or private sale of the property—was in the effort to secure for appellant the benefits and hold him to the burdens of that sale. To do this, the attorney sought to assure Peek that the sale would be closed as per the agreement entered into with the purchaser by and through the agent for Massey, and if that principal failed to ratify and confirm said acts of the agent and attorney, the binding written obligations as to the property would be "turned back" to Peek, the purchaser, "just like you [he] gave it" to witness; that the attorney would "put you [Peek] back where you were so far as I [witness] can." This was the assurance given Peek by the defendant, by and through the latter's attorney and attorney in fact. That agency was thus broadly stated by the parties:

"I, B. J. Massey, of New Brockton, Coffee county, Alabama, do hereby constitute and appoint J. C. Yarbrough my true and lawful attorney in my name and stead to do or perform any act which he may think necessary in the matter of the proceedings in the chancery court or other court in Alachua county, state of Florida, wherein B. J. Massey is complainant and the heirs of Maggie Holley are respondents, in order to bring said proceedings to a final decree therein; also to consummate the sale of the lands involved in said proceedings to any prospective purchaser thereof."

The evidence was competent under the pleading.

The writ is granted.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur in the opinion.
SAYRE, J., concurs in the result.
BOULDIN and BROWN, JJ., dissent.