(118 So. 495)

## GILBERT v. MITCHELL. (6 Div. 336.)

Court of Appeals of Alabama. Oct. 30, 1928.

J. J. Curtis and J. M. Pennington, both of Jasper, and Leo H. Pou, of Mobile, for appellant.

Still Hunter, of Jasper, for appellee.

RICE, J. The complaint in this case contained two counts, as follows:

"Count 1. Comes the P. in the above styled cause and claims of the defendant $36.31 on account, due on towit: June 20, 1927 which sum of money with interest thereon is still due and unpaid."

"Count 2. Plaintiff claims of the defendant $36.31 for that heretofore in Dec. 1926, Plaintiff & Defendant entered into a contract whereby Pl. was to haul logs for Dt. for $2.50 per thousand. P. alleges that during the months of Dec. 1926, and Jan. & Feb. 1927, P. hauled 14,528 ft. of logs at $2.50 per thousand, and that the said sum of money with interest thereon is still due and unpaid. P. alleges that said sum of money came due on towit: June 20, 1927."

The first count attempts to follow form 10, Code 1923, § 9531, as for an account, but omits the words "from him" following the word "due." Nowhere does it allege that the account is due from defendant to plaintiff. This is essential. The demurrer points out the defect, and should have been sustained. Smythe v. Dothan Foundry & Machine Co., 166 Ala. 253, 52 So. 398; Dixie Ind. Co. v. Manley, 2 Ala. App. 365, 57 So. 49; Lang v. Leith, 16 Ala. App. 296, 77 So. 445.

The second count is an abortive effort to declare upon a contract. Besides failing to allege performance by plaintiff and breach on the defendant's part, this count is subject to the same criticism pointed out in count one; it wholly fails to allege that the amount claimed is due by or from the defendant.

Whatever might be our ruling on the objection to the use of abbreviations in this complaint, if it were otherwise free of defect, we may observe that the brevity and succinctness aimed at by statute and decision are not promoted by the use of mere letters or abbreviations in place of words. It is not a practice that is sanctioned by good pleading.

Other assignments are so obviously without merit that we deem it unnecessary to treat them.

For the errors in overruling the demurrers to the complaint, the judgment will be here reversed, and the cause remanded for another trial.

Reversed and remanded.