74 So.2d 532

### W. B. DAVIS HOSIERY MILL, Inc.

v.

### B. B. WILSON.

7 Div. 326.

Court of Appeals of Alabama.

Aug. 31, 1954.

676

W. M. Beck, Fort Payne, for appellee.

HARWOOD, Judge.

The original complaint contained one count claiming $100 due by account on 1 June 1953, it being alleged that said sum, with interest thereon, was due and unpaid.

The defendant demurred to the complaint on the ground that it was not shown that the amount was due from the defendant.

The court overruled the demurrer and the defendant filed its plea to the effect that it was not so indebted.

C. A. Wolfes, Fort Payne, for appellant.

Prior to trial the complaint was amended by adding an additional count (Count A) claiming $100 due by defendant to the plaintiff for work and labor performed by

the plaintiff for the defendant at his request during the year of June 1, 1952 to June 1, 1953.

The defendant interposed a plea to count A averring in several grounds that it was not indebted to the plaintiff, that the matters averred were untrue, and that the defendant was not guilty of the matters alleged.

Issue was thus joined on the two counts and the pleas thereto.

The evidence presented by the plaintiff was to the effect that for a long number of years he had been employed by the defendant as a machinist for their Standard Knitting Machines, and that he was to receive, in addition to his regular wages, an amount equal to four per cent of his total annual wages. This payment is referred to variously by witnesses both for the plaintiff and defendant as "vacation pay," "incentive pay," and "bonus pay."

The plaintiff further testified that the defendant company quit operating the Standard Machines and many were disposed of. He thereupon "asked off" since he had no job. This was on 15 May 1953.

Thereafter, according to plaintiff, Mr. M. E. Malone, Secretary-Treasurer of defendant company told him he would be paid the incentive pay, plaintiff having been paid all of his regular wages from 1 June 1952 through 15 May 1953, amounting to a little more than $2,600.

Mr. Malone, above mentioned, and Mr. Mann Clayton, Manufacturing Superintendent of defendant company, testified as witnesses for the defendant.

Mr. Clayton testified that the plaintiff was let off on 15 May 1953 to make a trip to California; that the machines on which plaintiff worked were down, though some were still in the building but no longer used.

Mr. Clayton further testified that if the plaintiff had gone to California he would have been entitled to the incentive pay, but since he had not gone, but had begun to work in another mill he was not in defendant's employ on 26 June 1953, and was not entitled to the incentive pay since only those in the employ of the company on 26 June 1953 were entitled to it for the year from June 1, 1952 to June 1, 1953.

In this connection the defendant introduced into evidence a notice posted on a bulletin board at the mill, which in pertinent part read: "June 10, 1953. The vacation pay will be paid on June 26, 1953. The amount paid to each employee will be based on the payroll periods nearest June 1, 1952 figured through the payroll period ending nearest June 1, 1953. It will be paid to employees working on June 26, 1953."

Mr. Malone denied he had ever told the plaintiff he would be paid his incentive pay.

In rebuttal the plaintiff testified he had never seen the notice dated June 10, 1953, and further that the building in which he worked had been closed down 15 May 1953. He further denied that any conditions were placed upon his right to receive the bonus or incentive payment, other than to earn wages during the fiscal year June 1, 1952, to June 1, 1953.

The jury returned a verdict in favor of the plaintiff, assessing his damages at $100.00, and judgment was entered accordingly. The defendant's motion for a new trial being overruled, appeal was perfected to this court.

Appellant's first assigment of error pertains to the action of the court in overruling its demurrer to the original count, in that it fails to state from whom the amount was due.

■ The demurrer was well taken and should have been sustained. Gilbert v. Mitchell, 22 Ala.App. 603, 118 So. 495; Smythe v. Dothan Foundry & Machine Co., 166 Ala. 253, 52 So. 398.

■ However, regardless of the sufficiency of one count of a complaint as against demurrer, if the judgment can be supported by other counts in the complaint, a reversal will not be posited on the ruling on the demurrer as to the faulty count since no substantial injury to appellant's

rights resulted from the ruling. Brush v. Rountree, 33 Ala.App. 227, 32 So.2d 244; Trammell v. Robinson, 34 Ala.App. 91, 37 So.2d 142.

We must therefore look to the sufficiency of the evidence to support additional count A, the count itself being legally sufficient as a matter of pleading.

It is appellant's contention that since the appellee made no claim for other than vacation pay, such pay was not due for work and labor, and therefore could not be recovered under count A.

We do not agree with this contention. Mr. Malone, a witness for appellant, testified that: "Vacation pay is really incentive pay. In other words, if it was not then those working less than five years would get the same as those working more than five years. Those working less than five years get two per cent."

■ The amount here sued for was not a mere gift or bonus, but an offer of additional wages to those whose length of service, with increased efficiency resulting from experience, came within the offer. When an employee entered upon service with the incentive pay inducement, a supplemental contract resulted. The additional incentive wages were as much a part of the employee's compensation as were the original and base wages. Roberts v. Mays Mills, 184 N.C. 406, 114 S.E. 530, 28 A.L.R. 338; Robertson v. Wise, 153 S.C. 459, 151 S.E. 87.

■ Under appellee's testimony his job ceased because all the machines which he serviced were shut down and removed from defendant's plant, and there was no work for him to do. He thus had fully performed his part of the contract. While this claim may have arisen under a special contract, it having been fully performed and nothing remaining to be done by appellant but to pay the amount stipulated, he may recover under the common count for work and labor done. Catts v. Phillips, 217 Ala. 488, 117 So. 34.

■ The above discussion, we believe, covers all of the points raised in appellant's various assignments of error. If appellee's testimony be believed under the required rule, he had performed fully his part of a contract binding on appellant. That appellant sought to change the conditions of the contract on 10 June 1953 by requiring the employees to be in their employ on the 26 June 1953 can of course have no effect on the contract.

Affirmed.