# McCaskey & Ratcliff *v.* Pollock & Co.

### *Attachment against Partnership.*

1. *Attachment against partnership in firm name.*—The statute which authorizes an action at law against a partnership by the common name, not mentioning the individual names of the several partners (Code, § 2904), applies to actions commenced by attachment.

2. *Amendment as to parties.*—When an action is commenced against two or more persons as partners, stating their individual names and the name of the partnership, the names of the partners may be struck out by amendment (Code, § 3156), leaving the action to proceed against the partnership by its common name.

3. *Judgment by default against partnership; proof of service; appearance; clerical misprision.*—When judgment by default is taken against a partnership, in an action against it by its firm name, if it be necessary that the record should show proof of service on one of the partners, a general appearance by one of them is equivalent to service or notice, and operates as a waiver of the defect; and when the judgment-entry shows such general appearance, the judgment by default will be regarded as a clerical misprision.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

This action was commenced by attachment, sued out on the 9th January, 1886, by J. Pollock & Co., merchants in Mobile, against "John W. McCaskey and Hamilton A. Ratcliff, as merchants and partners in trade doing business under the name, firm and style of McCaskey & Ratcliff." The attachment was levied on a stock of goods, and formal notice of the levy was given to said H. A. Ratcliff. The firm of McCaskey & Ratcliff was in fact composed of said John W. McCaskey and Mrs. Sarah A. Ratcliff, the wife of said H. A. Ratcliff. H. A. Ratcliff filed a plea in abatement, and also a special plea in bar, averring that he was not a

[McCaskey & Ratcliff v. Pollock & Co.]

partner in the firm of McCaskey & Ratcliff; and he also pleaded the general issue, in short by consent. The complaint was afterwards amended, by striking out the individual names of the partners. Mrs. Ratcliff then appeared, and filed several pleas, both in abatement and in bar, alleging her coverture; but demurrers were sustained to all of her pleas, or they were stricken from the files. The judgment-entry is as follows: "Came the parties by their attorneys, and the plaintiffs move the court to amend their complaint in this case, as shown by motion on file; which motion being granted, the amended complaint is filed in place of the original, and the defendants except. Thereupon, the plaintiffs move the court to strike from the files the first and second pleas filed by Mrs. Ratcliff; which motion is granted by the court, and said pleas stricken from the files, and Mrs. Ratcliff excepts. Thereupon, the plaintiffs move the court to amend the attachment, bond and affidavit, by striking out the names of the individual members of the firm of McCaskey & Ratcliff; which motion is granted, the said amendment made, and the defendants except. The plaintiffs further move the court to strike from the files the third, fourth and fifth pleas filed by Mrs. Ratcliff; which motion is granted, the said pleas stricken from the files, and Mrs. Ratcliff excepts. And the defendants, McCaskey & Ratcliff, being called to come into court, came not, but wholly made default. It is therefore considered," &c.

The appeal was sued out by Mrs. Ratcliff, "for herself, and as a member of the firm of McCaskey & Ratcliff, and by the said McCaskey & Ratcliff;" and errors are assigned by the appellants jointly.

WATTS & SON, and J. N. MILLER, for the appellants, cited *Mohr v. Chaffee Brothers & Co.*, 75 Ala. 389; *Reid & Co. v. McLeod*, 20 Ala. 576; *Moore & McGehee v. Burns & Co.*, 60 Ala. 269; *Opelika v. Daniel*, 59 Ala. 217; *Davidson v. Street*, 34 Ala. 125; *Yarborough v. Allen, Bush & Co.*, 69 Ala. 170; *Ladiga Co. v. Smith*, 78 Ala. 108; 51 Ala. 189; 71 Ala. 461; *Brinsfield v. Austin*, 39 Ala. 227; *Dow v. Whitman*, 36 Ala. 604; *Bates v. P. & M. Bank*, 8 Porter, 101; 14 Sm. & Mar. 75.

PETTUS & PETTUS, *contra*.

SOMERVILLE, J.—1. We can see no reason why a suit by original attachment, as well as one by summons and complaint, will not lie against a partnership by their common name, where they transact business under such com-

mon name, without designating in the process the individuals who constitute the firm. A suit of this kind, by ordinary summons and complaint, is obviously authorized by section 2904 of the Code, as to which there is, and can be no controversy. This section provides, that such partnership *"may be sued* by the common name"—which means, may be sued in any of the modes in which other persons may be sued; and this includes the process of attachment. There is no•restriction of the right of suing to any particular class of cases. The provision in this section, as to the manner of serving the summons—"on one or more of the associates"—is a remedial provision, having reference only to suits commenced by summons. It was not intended to prohibit by implication, or otherwise, suits by attachment, which are generally provided for, by other sections of the Code.—Code, 1876, §§ 3252, *et seq.; Yarborough v. Bush,* 69 Ala. 170 ; *Watts v. Rice,* 75 Ala. 289.

2. The suit in the present case having been commenced by attachment against the appellants, not under their common or firm name, but in the ordinary mode, by mentioning in the writ the names of the alleged individual partners, as required by the rule of the common law, it could properly be changed by amendment into a suit against the firm or partnership as such, describing them by their common name, under which they were accustomed to do business. Such amendment, made by striking out the individual names of the partners, and preserving only the common name of the partnership, was clearly authorized by section 3156 of the present Code of 1876.—*Sims v. Jacobson,* 51 Ala. 186.

3. It is contended that the judgment in the present case is one by default, and should be reversed, on the ground that the record fails to show that notice of the levy of the attachment was served by the sheriff on a member of the partnership, as required by section 3260 of the Code, regulating the giving of such notices against resident defendants generally. Admitting the appellant's contention, that in such cases, where a judgment by default has been taken, the same rule would apply as where corporations are defendants, and that the record must show affirmatively that proof was made of the identity of the person on whom the notice was served—that he was in fact a partner—we think the record in this case shows a general appearance in the court below by Mrs. Sarah A. Ratcliff, the appellant, which operates as a waiver of the alleged defect of notice, if any. It is true that the latter part of the judgment-entry contains a recital that "the defendants, McCaskey & Ratcliff, being called to come into court, came not, but wholly made default;" and

if this stood alone, it would show a judgment by default. But the entire record, including other recitals of the judgment-entry, is repugnant to this conclusion, and contradicts any supposition of a judgment by default. Nothing can be made clearer than that the recital in question is a clerical misprision of the most manifest kind. The record shows that the parties came by their attorneys, and made numerous motions in the court below; and especially that the appellant, Mrs. Ratcliff, appeared generally, and filed numerous pleas to the merits of the cause, and that the cause was vigorously contested by her from beginning to end. Her right of appeal here can be sustained only on the ground that she was a member of the defendant partnership. The taking of this appeal is an admission of such fact conclusive against her. She has no right to be in this court on any other theory. Her appearance in the cause below was general; and its effects could not be obliterated by the amendment made in the mere form of the action, which changed it from a suit against a partnership, in the ordinary mode, to a suit against them, under the statute, in their common name.

We have examined the other objections, and do not think they are well taken.

Judgment affirmed.

| 82 | 177 |
|----|-----|
| 93 | 67 |

| 82 | 177 |
|----|-----|
| 96 | 344 |
| 97 | 389 |

| 82 | 177 |
|----|-----|
| 105 | 316 |

| 82 | 177 |
|----|-----|
| 122 | 347 |

| 82 | 177 |
|----|-----|
| 123 | 555 |
| 124 | 212 |

| 82 | 177 |
|----|-----|
| 132 | 79 |