# Vinegar Bend Lumber Co. *v.* Hamilton-Brown Shoe Co.

## *Action of Assumpsit.*

1. *Action against partnership; amendment of complaint; discontinuance.*—Where, in an action against several persons, they are described in the complaint, after giving their individual names, as "partners doing business under the name of" (a partnership name), the action is against such persons individually and against the partnership; and in the trial of the cause, the names of the partners may be stricken out by amendment, leaving the action to proceed against the partnership by its common firm name (Code, § 3331); and such amendment does not operate as a discontinuance of the cause.

2. *Same; amendment; when error in admission of evidence is without injury.*—Where an action is brought by a plaintiff, described as a corporation, against two or more persons as partners, and the complaint describes such persons by their individual names, and as partners doing business under a common firm name, and the individuals, but not the partnership, file a plea denying the corporate capacity of the plaintiff, and the complaint is subsequently amended by striking out the names of the individual members and leaving the firm or partnership as sole defendant, any error in the admission of evidence showing the corporate character of the plaintiff is without injury; there being no plea by the partnership denying the plaintiff's corporate capacity.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. A. H. ALSTON.

This action was brought by the appellee, the Hamilton-Brown Shoe Company, against the appellant; and counted upon the common counts for goods, wares and merchandise sold by the plaintiff to the defendants. The manner in which the parties to the case were styled in the complaint is shown by the opinion. A copy of the summons and complaint was served upon all three of the alleged partners, and they all appeared and pleaded. Verda Turner pleaded coverture and also that she was

not a member of the firm, and did not owe the debt sued for. Noel E. Turner and Herbert Turner pleaded separately the general issue, and they also, as individuals, filed a verified plea denying the corporate capacity of the plaintiff. The plaintiff replied to this verified plea, setting up the fact that the defendants had dealt with the plaintiff as a corporation in reference to the subject matter of the suit, and that, therefore, they were estopped from denying its corporate character. The defendants demurred to this replication upon the ground that it stated only a conclusion of the pleader and alleged no facts showing an estoppel. The court overruled this demurrer. All of the defendants filed a verified plea in which they denied on informaton and belief the correctness of the account sued on, which was verified by the affidavit of the plaintiff. This was the only plea filed by all the defendants. A jury was selected and the trial proceeded. The plaintiff introduced in evidence against defendant's objection and exception, a certificate of its incorporation. Plaintiff then introduced in evidence against defendant's objection and exception, certain laws of Missouri relating to the method of incorporating manufacturing and business corporations. Plaintiff then proved, against the objection and exception of defendants, that the book containing the laws above referred to were the revised statutes of Missouri and the laws of that State. Plaintiff then introduced, without objection, the correspondence between plaintiff and the defendant partnership, showing the creation of the debt sued for, and admission thereof by defendant. The plaintiff then rested, whereupon the defendants moved to exclude all of plaintiff's evidence, which motion the court overruled.

Defendants introduced only one witness, Noel E. Turner, who testified that Verda E. Turner was his wife; that he did not consent in writing to her making any contract in reference to the subject matter of this suit, and that she was not a member of the firm of The Vinegar Bend Lumber Company, but that said firm was composed of himself and Herbert Turner. This witness testified on cross-examination that he did not know

[Vinegar Bend Lumber Co. v. Hamilton-Brown Shoe Co.]

of his own knowledge whether the account sued on was correct or not; and that he wrote all of the letters which purported to have been written by the defendants except one, which was written by the bookkeeper; that all of said letters were addressed to the plaintiff at St. Louis, Mo., except two which he wrote to Mitchell & Tonsmeire. Plaintiff was then allowed to amend its complaint by striking out the individual names of the defendants, leaving as defendant the appellant, The Vinegar Bend Lumber Company. Defendant thereupon moved the court to enter an order of discontinuance. The motion was refused, and defendant duly excepted.

The court, at the request of the plaintiff, gave to the jury the general affirmative charge in its behalf. The defendant duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge requested by it.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

CHAS. L. BROMBERG, for appellant.—The cause of action was discontinued by the amendment made by the plaintiff.—*Lucas v. Pittman*, 94 Ala. 616; *Baldridge v. Eason*, 99 Ala. 516; *Hallmark v. Hopper*, 119 Ala. 78; *Compton v. Smith*, 120 Ala. 233; *McKissick v. Witz*, 120 Ala. 412; *Kendall v. Landsden*, 68 Ala. 182; *Torrey v. Forbes*, 94 Ala. 135; *Jones v. Englehardt*, 78 Ala. 506; 2 Brick. Dig., 368, § 124; 370, § 136; *Bachus v. Mickle*, 45 Ala. 448; *Mahan v. Smitherman*, 71 Ala. 567.

JOHN E. MITCHELL, *contra.*—The court did not err in refusing appellant's motion to enter a discontinuance of the plaintiff's cause of action. The suit was brought not against the individual members of the firm solely, but also against the firm.—*Shephard v. Lightfoot*, 56 Ala. 506; *Lienkauf v. Munter*, 76 Ala. 194; *Dollins v. Pollock*, 89 Ala. 315; *Baldridge v. Eason*, 99 Ala. 516; *Smith v. Kaufman*, 100 Ala.408; *Blackman v. Moore*, 106 Ala. 461; *Burdeshaw v. Comer*, 108 Ala. 618; *Bolling v. Speller*, 96 Ala. 270.

DOWDELL, J.—This was an action upon the common counts, brought by the Hamilton Brown Shoe Company, a corporation.. In the complaint the parties to the cause are styled as the "Hamilton Brown Shoe Co., a corporation, v. Noel E. Turner, Herbert Turner and Verda E. Turner, partners doing business under the name of Vinegar Bend Lumber Co." In subsequent pleadings, both by plaintiffs and defendants, the parties are styled in the captions of the pleadings as "Hamilton Brown Shoe Co. v. Vinegar Bend Lumber Co." That the pleadings, including their captions, may be looked to to determine who are the defendants in an action, is a question that has been settled by this court in the following cases: *Blackman v. Moore-Handley Hardware Co.,* 106 Ala. 461; *Burdeshaw & Co. v. Comer Co.,* 108 Ala. 618; *Bolling & Son v. Speller,* 96 Ala. 270. Under the description shown by the pleadings and their captions in this case, the Vinegar Bend Lumber Co., as a partnership, is made a party defendant. See *Baldridge v. Eason,* 99 Ala. 517; *Dollins et al. v. Pollock & Co.,* 89 Ala. 351, and authorities cited in the last named case. Under the authority of *McCaskey & Ratcliff v. Pollock & Co.,* 82 Ala. 174, it was permissible for the plaintiff to amend his complaint by striking out the names of the individual partners and leaving the firm or partnership as sole defendant. See also section 3331, Code of 1896. This amendment did not operate a discontinuance of the cause, and the motion of the defendant to enter a discontinuance on account of the amendment was properly overruled. The plea denying the corporate capacity of the plaintiff was the individual plea of Noel E. Turner and Herbert Turner. No such plea was filed by the Vinegar Bend Lumber Co., the sole defendant of record after the amendment. There being no plea by this defendant denying the corporate capacity by which the plaintiff sued, there was no necessity of any proof as to its corporate entity. Consequently there could be no injury arising from error, if any existed, in the admission of the certified copy of certificate of incorporation and the evidence as to the Missouri statute. There was no conflict in the evidence offered in proving defendant's debt or demand, and no

error was committed by the court in giving the affirmative charge at the instance of the plaintiff. ...

We find no error in the record, and the judgment is affirmed.