# Levystein v. Gerson, Seligman & Co.

*Bill to Declare à Motrgage Fraudulent and Void.*

(Decided July th, 1906.   41 So. Rep. 774.)

*Amendment; Partnership; Suit Against Firm; Bill; Parties Defendant.*—The bill was exhibited against a partnership composed of three named persons, non-residents, service was had on one of the named partners; complainant offered to amend by converting the suit into one against the partners individually, and to strike the names of those not served. Held, the amendmend should have been allowed, even conceding that Section 40, Code 1896, has no application to suits in eqiuty.

APPEAL from Montgomery City Court.
Heard before Hon. A. D. Sayre.
This was a bill filed by H. Levystein as trustee against the firm of Gerson, Seligman æ Co., seeking to have a mortgage declared fraudulent and void. The facts necessary to an understanding of the opinion sufficiently appear therein.

MARTIN & MARTIN, for appellants.—While the demand sought to be enforced is one against the partnership it is also a liability against each of the members composing the firm.—*Waldron v. Simmons*, 28 Ala. 629; *Cox v. Harris*, 48 Ala. 538; *Sims v. Jacobson*, 51 Ala. 186; *Rose v. Gunn*, 79 Ala. 411. The plaintiff may proceed against

[Levystein v. Gerson, Seligman & Co.]

one or more of the parties thereto where he has a joint demand.—Sec. 670, Code 1896; *Teague v. Corbett,* 57 Ala. 229; *Moore v. Armstrong,* 9 Port. 697.

Having come into the state voluntarily service upon him subjected him to the jurisdiction of the court just as if he was a resident.—*Smith v. Gibson,* 83 Ala. 284; *E. T. V. & G. R. R. Co. v. Kennedy,* 83 Ala. 462; *Steen v. Swadley,* 126 Ala. 616; *Lee v. Baird,* 139 Ala. 526; *O'ber v. Gallagher,* 93 U. S. 199.

The complainant clearly had the right to amend his bill and proceed against Seligman alone.—Secs. 706, 704 and 3331; *Collins v. Stix,* 96 Ala. 338; *Rapier v. Gulf City Co.* 69 Ala. 476; *King v. Avery,* 37 Ala. 169; *Moore v. Alvis,* 54 Ala. 356; *Pitts v. Powledge,* 56 Ala. 147; *Sims v. Jacobson,* 51 Ala. 187; *McCaskey v. Pollock,* 82 Ala. 174; *Williams v. Bowdoin,* 68 Ala. 126; *Rosenburg v. Clafflin Co.* 95 Ala. 249. A defect curable by amendment is no more than an irregularity of which the defendant cannot take advantage.—*McLean v. Wright,* 137 Ala. 644.

STEINER, CRUM & WEIL, for appellee.—The attachment issued in this case was void.—Secs. 766, 762, 771, 772, Code 1896; *McKenzie v. Bentley,* 30 Ala. 139; *Dollins v. Lindsey,* 89 Ala. 217; *Ware v. Seasongood,* 92 Ala. 152. The situs of the debt sought to be reached by the garnishment was the state of Ohio where they were payable and no jurisdiction was acquired by the levy of these garnishments.—*L. & N. R. R. Co. v. Nash.* 118 Ala. 477; *L. & N. R. R. Co. v. Steiner, Lobman,* 128 Ala. 353. Sec. 40 of the Code of 1896, has no application to suits in equity against partnerships in the firm name.—*Opelika v. Daniel,* 59 Ala. 211. Admitting that service was had upon one of the members of appellee's firm, the other members are as much interested in the partnership property as he and are entitled to their day in court.—*Hall v. Lanning,* 91 U. S. 271; *Grover v. Radcliffe,* 137 U. S. 295; *Wood v. Watkinson,* 44 Am. Dec. 562 and note.

The decree pro confesso was properly set aside. Service made on him originally for the purpose of bringing

the partnership into court could not bring him in orig-
inally.—*White v. Johnson*, 50 Am. St. Rep. 379 and
note. No notice was given of the allowance of the
amendment nor was notice directed to be given by the
court on account of the non-residency of the firm.—*Als-
ton v. Alston*, 34 Ala. 15; *Holly v. Bass*, 63 Ala. 387; *Mc-
Clenny v. Ward*, 80 Ala. 343. To have allowed the
amendment proposed and the substitution of Seligman
individually would have made a change of cause of ac-
tion and of parties.—*Williams et als. v. Hurley et als.*,
135 Ala. 319; *Steiner Bros. v. Stewart*, 134 Ala. 568;
*Vinegar Bend L. Co. v. Chicago T. & T. Co.*, 131 Ala. 141.

TYSON, J.—The bill in this cause is exhibited against
a partnership composed of three designated persons, non-
residents of Alabama: service of summons being made
upon Emil C. Seligman, one of the named partners. Af-
ter a decree overruling a motion to quash the summons
made by the party served, the complainant proposed to
file an amendment converting the suit into one against
the partners individually and to further strike out the
names of the partners not served, so as to make it a suit
against Emil C. Seligman alone. The court refused to
allow the amendment, and the question is error vel non
in this ruling.

We think, on principle and authority, the amendment
should have been allowed. Conceding that section 40
of the Code of 1896, allowing suits against partnerships
by their partnership name without mentioning the names
of persons composing the firm, has no application to
suits in equity (*City of Opelika v. Daniel*, 59 Ala. 211),
this cause would be in a better situation for amendment
than were the cases of *McCaskey v. Pollock*, 82 Ala. 174,
2 South. 674, and *Sims v. Jacobson*, 51 Ala. 186. In the
latter case the action was brought in a firm name with-
out any mention of individuals, and the plaintiff pro-
posed to amend so as to evoke the action by individuals
against individuals by inserting the names of the mem-
bers of the plaintiff and defendant firms. The trial court
refused to allow the amendment, and on appeal this court
held the amendment allowable, saying: "The amend-

ment proposed no change of parties and no change of the cause of action originally averred. A debt due the partnership of Sims, Harrison & Co. from the partnership of Jacobson & Co. must have been proved under the original, and must be proved under the amended, complaint. The partnership and their members were substantially before the court on the complaint as originally framed. A new party has not been introduced, which is unauthorized by our statute of amendments; but the designation of the respective parties, plaintiff and defendant, is only made more specific and certain. The amendment was proper, was the right of the plaintiff, and the court erred in refusing it." In the case of *McCaskey v. Pollock, supra,* a suit against the individuals of a firm was allowed by amendment to be converted into a suit against the partnership as such. The authority and reasoning of these two cases make it clear that the court erred in not allowing the proposed amendment in this case.

It is of no moment that the summons and the return of the sheriff thereon are not shown in the record, as it otherwise sufficiently appears that service was made on Emil C. Seligman, the member of the firm proposed by the amendment to be retained as the sole defendant. As the court dismissed the bill preliminarily for the want of parties defendant, we deem it unnecessary and improper to rule on other questions, which could arise only subsequently to the establishment of the suit in court.

Reversed and remanded.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.