444                    SUPREME COURT                    [Vol.

# Lord, *et al. v.* Calhoun.

## *Assumpsit.*

### (Decided June 30, 1909.   50 South. 402.)

1. *Pleading; Variance; Issue and Proof.*—Where the complaint alleges a joint liability of both defendants, and the proof showed that only one of the defendants was liable, and was in conflict as to which one, there was a fatal variance.

2. *Same; Amendment; Joint Liability.*—Where a joint liability is alleged, and the evidence tends to discharge one of the defendants only, the complaint may be amended and recovery had against the other defendant.

3. *Fraud; Statute of; Pleading; Burden of Proof.*—Where issue is taken on a plea of the statute of frauds, the plaintiff has the burden of proving either a contract in writing or a contract not required to be in writing.

4. *Same; Original Promise.*—Where lands are rented to one and goods sold to such an one on credit given entirely to another, the latter's liability is original and not within the statute of frauds, while the former is not liable at all.

5. *Limitation of Action; Burden of Proof.*—Where the statute of limitations is pleaded, plaintiff has the burden of showing a cause of action not covered by the bar.

6. *Evidence; Relevancy; Misconduct of Parties.*—Where the action is on an account evidence of the existence of improper relations between the defendants not introduced to impeach their testimony is incompetent and prejudicial.
(Anderson and Denson, JJ., dissent in part.)

APPEAL from Houston Circuit Court.
Heard before Hon. TERRY RICHARDSON.
Action by H. P. Calhoun against Y. J. Lord and another, in assumpsit.   Judgment against both defendants and they appeal.   Reversed and remanded.

W. L. LEE, for appellants.   The court erred in permitting evidence as to the relation between defendants.—
*Brewer v. Watson,* 65 Ala. 88; *Wharton v. Cunningham,* 46 Ala. 590; *Thrash v. Bennett,* 57 Ala. 156; *Stein v. Swadley,* 126 Ala. 616; *Carter v. Fulgham,* 134 Ala. 239;

[Lord, et al. v. Calhoun.]

*O'Neal v. Curry,* 134 Ala. 216. On these authorities the court erred in admitting the testimony of complainant.

ESPY & FARMER, for appellee. Counsel discuss assignments of error relative to evidence, but without citation of authority.

MAYFIELD, J.—This was an action by the appellee against the appellants to recover on an account which appellee claims was due him from appellants by account for rent and supplies for the year 1902. Both defendants pleaded the general issue, and the defendant Lord interposed special pleas of the statute of frauds and set-off. No demurrers were filed to the complaint or to the pleas, and the trial was had upon these issues, resulting in a verdict and judgment for the plaintiff against both defendants. From this judgment they appeal, and here separately assign errors.

The trial seems to have been had upon an entire misapprehension of the pleadings; in fact, counsel state that there was a plea of the statute of limitations filed by Lord. We find no plea of the statute of limitations, but, on the other hand, we find a plea of the statute of frauds, which seems to have been entirely ignored in the trial below, by both court and counsel. The action is on a joint account against the defendants jointly. The evidence of the plaintiff in the court below tended to show that the defendant Lord was liable, and not the defendant Mixon; while the evidence offered by the defendants tended to show that the defendant Bettie Mixon alone made and owed the account. In either event, there was an entire variance. The action being a joint one, and the evidence of the plaintiff tending to show that one of the defendants was liable, and that of the

defendants tending to show that the other was liable, does not prove the complaint, nor the joint account sued on in this complaint.—*Garrison v. Hawkins Lumber Co.,* 111 Ala. 308, 20 South. 427; *Gamble v. Kellum,* 97 Ala. 677, 12 South. 82.  Of course, a joint liability having been alleged, and there was evidence going to the discharge of one of the defendants only, the complaint could have been amended and a recovery had against the other defendant; but aside from this error and defect, which is fatal to any judgment against the defendants, there was no color of right in law to support a judgment against the defendant Lord, for the reason that it indisputably appeared that the land was rented by Bettie Mixon, and that all the goods were furnished by the plaintiff to her and the color of liability as against Lord was that he agreed to pay the rent and the account—that is to say, some of the plaintiff's evidence probably tended to show that but for the statute of frauds he might have been liable—but, the statute of frauds being pleaded and issue being joined upon that plea, the burden of proof is on the plaintiff to show a valid contract.  This is the exception to the rule that the burden of proof as to special pleas rests upon the defendant.  When a plea of the statute of frauds is interposed, it is incumbent on the plaintiff to establish either a contract in writing, signed by the party to be charged, or a contract not required by the statute to be in writing.  Also, when the statute of limitations is pleaded, the burden rests upon the plaintiff to prove the cause of action within the period of the bar.  In each case the plaintiff must show facts which avoid the effect of the plea, and, if he relies on a parol contract, the burden is on him to establish a contract not required by the statute to be in writing.—*Jonas v. Field,* 83 Ala. 445, 3 South. 893.  Now, if this was an attempt on

the part of Lord to answer for the debt, default, or mis-
carriage of Bettie Mixon, the contract must be in writ-
ing, expressing the consideration, and be signed by
Lord; and there was no evidence that it was in writing,
much less that it was signed by Lord. On the other
hand, if it could be contended (which theory we do not
think this evidence would support, though some of it
may tend slightly to do so) that the contract was made
with Lord and the credit given him alone—the lands
being rented to Mixon and the goods sold and delivered
to her on the credit given entirely and exclusively to
Lord—of course, it would be a contract not within the
statute, but in that event Bettie Mixon would not be lia-
ble at all, and consequently it would be a variance, and
would not support a judgment against either of the de-
fendants. While there may be some moral or immoral
obligation upon the defendant Lord to pay this debt for
Bettie Mixon, there was not sufficient evidence to im-
pose a legal obligation upon him to pay the plaintiff.

The court was clearly and unquestionably in error
in allowing all the evidence in this case relative to the
existence of immoral relations between these two de-
fendants. It neither provided nor tended to prove any
issue involved in the case, and the attempt to prove this
by the defendants themselves was not only a violation
of the rules of law and practice, but a clear violation
of the constitutional rights of these defendants. If
they were persons of bad character, plaintiff could prove
this for the purpose of impeaching them, but it conclu-
sively appears that the evidence was offered for no such
purpose. The only effect of the evidence at the time
and in the manner it was offered would be to prejudice
the jury against the rights of these parties. The court
upon the request of the defendant Lord should have
given the general affirmative charge in his case.

[Reese, et al. v. Ivey, et al.]

It is unnecessary to pass upon any other assignments of error.

. Justices ANDERSON and DENSON do not concur in the opinion that the general affirmative charge should have been given, but do agree to the reversal on account of the admission of some of the evidence allowed over defendants' objections and exceptions.

For the errors pointed out, the case must be reversed and remanded.

Reversed and remanded.

SIMPSON, ANDERSON, DENSON, and SAYRE, JJ., concur.