# Forbes & Carloss, *et al. v.* Plummer.

### Trover.

(Decided November 30, 1916. 73 South. 451.)

1. **Judgment; Res Judicata; Identity.**—Where, in the first suit, the con-
-version of an edger was involved, and in a subsequent suit the conversion of
.a sawmill was involved, and where the latter conversion had not been com-
mitted when the former action was brought they were separate and distinct
·offenses, and the plea of res adjudicata was not available as a defense.

2. **Appeal and Error; Former Appeal; Law of Case.**—Where the evidence
·on a subsequent appeal was similar to that on a former appeal, the holding
·of the court on a former appeal to the effect that defendant was not entitled
to the affirmative charge, settled the law on a subsequent appeal.

3. **Evidence; Burden; Defense.**—As to special pleas or defenses the rule
of evidence and pleading is that the burden rests on the defendant.

4. **Limitation of Action; Plea; Burden of Proof.**—Where the statute of
limitations is set up in bar of the right of action by limitation of six years,
and this plea is traversed, the burden of proof is on plaintiff to show both a
cause of action, and the suing out of process within such period.

5. **Frauds, Statute of; Defense.**—Where issue is taken on the plea of the
:statute of frauds, plaintiff has the burden of showing a valid contract.

6. **Appeal and Error; Harmless Error; Instructions.**—Where the evidence
·conclusively showed that the action was brought within six years after the
·conversion, it was error without injury to charge that defendant had the
:burden of proving its plea of the six year statute.

[Forbes & Carloss, et al. v. Plummer.]

**7. Charge of Court; Limitations; Other Defenses.**—A charge purporting to deal only with the issues as to the statute of limitations set up in the plea, did not withdraw all other defenses from the jury.

**8. Same; Misleading.**—While it is error to give an erroneous charge, and this cannot be cured by the giving of a correct one, whether oral or written, yet the giving of a merely misleading charge can and should be corrected by requesting an explanatory charge.

**9. Trover and Conversion; Title and Possession; Right of Action.**—An agent or officer of a lumber company, purchasing a sawmill as such agent, and not as an individual, acquired such right as would support trover against one subsequently converting the property, although it would be otherwise in the case of a mere caretaker or overseer.

**10. Same.**—Where a plaintiff has only a special interest in the property converted, he can only recover the value of his interest as against a defendant owning the remaining interest, but this doctrine does not cut down plaintiff's right to damages.

**11. Same; Damages; Mitigation.**—Where the action was for the conversion of a sawmill and its attachments, defendants could not justify the conversion or mitigate the damages by showing that they once had a lien and a right enforceable against the property which was lost by their own fault, and the evidence of it destroyed by themselves before the conversion.

**12. Same.**—If plaintiff was entitled to recover at all he was entitled to recover the full value of the property converted, since the assertion of a non enforceable claim against it, although exceeding its value, would not defeat a recovery, except for nominal damages.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Trover by Theodore Plummer against Forbes & Carloss, Carloss as surviving partner, and individually, and one Hardison. Judgment for plaintiff and defendants appeal. Affirmed.

M. B. CURRY, W. J. MONETTE, and J. M. FOSTER, for appellant. H. A. & D. K. JONES, for appellee.

MAYFIELD, J.—Appellee sued appellants and one Hardison, in trover, for the conversion of one sawmill and attachments, and recovered a judgment for about $1,500, as damages, from which judgment defendants appeal.

The general issue and several special pleas were interposed, among which were, res judicata, the statute of limitations of six years and a plea in the nature of recoupment or mitigation of damages. This last plea set up an unsatisfied and paramount lien on the property in favor of Carloss, or of Forbes & Carloss, of which firm Carloss was the surviving member. Carloss was sued in the capacity of such surviving partner, as well as individually.

The pleas of res judicata were based upon (or set up) a suit, and judgment thereon, theretofore brought against these defendants, to recover damages for the conversion of the edger, which was claimed to be a part of the sawmill involved in this suit. Plaintiff had obtained a judgment in that case in the trial court, and it was affirmed on appeal to this court. See report of the case of *Hardison, et al. v. Plummer*, 152 Ala. 619, 44 South. 591. The facts necessary to be set out on the appeal in the case at bar are well stated in the opinion in the case of *Hardison v. Plummer*, 152 Ala. 620-621, 44 South. 591.

(1, 2) These pleas of res judicata, however, were unavailing as a defense, for the reason that the proof showed that the conversion of the edger involved on the former appeal, and the alleged conversion of the sawmill, were separate and distinct wrongs, and that the wrongs now complained of had not been committed when the former action was brought. We see no reason to depart from the holding of this court on the former appeal; and it settled the law of this case to the effect that the defendant was not entitled to the affirmative charge, the evidence on this appeal being very similar to that on the former appeal.

It is true that the statute of limitations of six years, and the one in mitigation of damages, were interposed on this trial, and not on the other; but clearly the defendants were not entitled to the affirmative charge on the first issue, and the second was not interposed in bar, but only in mitigation of damages.

(3, 4) The trial court fell into error in charging the jury as to the burden of proof relating to the pleas of the statute of limitations. In the oral charge the court, after referring to the pleas of the statute of limitations of six years, instructed the jury that the burden of proof was on defendants to show that this suit was commenced within six years after the conversion. At the request of plaintiff the court also gave the following written instruction to the jury: "The court charges the jury that when a party sets up the statute of limitations as a defense to his suit the burden is upon him to reasonably satisfy the jury that said cause of action has been barred by the statute of limitations, and if the jury are not reasonably satisfied that more than six years elapsed from the time said property was converted by the defendants to the time that this suit was brought, then the jury must find a verdict for the plaintiff, if they are reasonably satisfied from the evidence that the defendants so converted

[Forbes & Carloss, et al. v. Plummer.]

said property, and must fix the amount of the damages at the value of the property at the time of the conversion, with interest thereon from the time of conversion."

It is a rule of evidence and pleading that the burden of proof is on the defendant as to special pleas or defenses; but as to pleas of the statute of limitations and of the statute of frauds the burden seems to be placed under an exception to the rule. As to pleas setting up the statute of limitations the law is stated by Mr. Greenleaf, and as stated by him has been quoted and followed by this court:

"When the statute of limitations is set up in bar of a right of action, by the plea of action non accruit sex annos, which is traversed, the burden of proof is on the plaintiff to show both a cause of action and the suing out of process within the period mentioned in the statute."—*Condon v. Enger*, 113 Ala. 233, 21 South. 227; 4 Mayf. Dig. 102.

(5) As to the statute of frauds, the exception to the rule is that when issue is taken on such plea, the burden is on the plaintiff to show a valid contract.—*Jonas v. Field*, 83 Ala. 445, 3 South. 893. In the latter case it is said: "On the plea of the statute of frauds, it is incumbent on the plaintiff to establish, either a contract in writing, or a contract not required by the statute to be in writing. The complainant sets out a contract valid in form, and on the pleadings he is required to prove a valid contract. When the statute of limitations is pleaded, the burden rests on the plaintiff to prove a cause of action within the period of the bar. The same rule applies when the statute of frauds is pleaded. As to pleas of the statute of limitations and the statute of frauds, the plaintiff is required to show facts which avoid the effect of the pleas; as, when he relies on a parol contract, the burden is on him to establish a contract not required by the statute to be in writing.—*Marston v. Swett*, 66 N. Y. 206 [23 Am. Rep. 43]; *Taylor v. Spears*, 1 Eng. 381; Wood's Prac. Ev. 650."

The above rule has been often followed in later cases. See *Jones v. Hayler*, 95 Ala. '29, 10 South. 345; *McKinnon v. Mixon*, 128 Ala. 612, 616, 29 South. 690; *Lord v. Calhoun*, 162 Ala. 446, 50 South. 402.

(6) We are of the opinion, however, that the error in this case, as to the burden of proof of this issue, was harmless, for the reason that the undisputed evidence, corroborated by the record proper, conclusively shows that the action was brought

within six years from the date of the conversion. The action was brought on the 1st day of November, 1910, and the evidence without dispute shows that there was no conversion of the property sued for (although there might have been a possession or use of it, in 1904, by consent), until the fall of 1905, and 1906, less than six years before the action was brought. The defendant Carloss himself testified that he did not operate the mill until the spring of 1905, and he says that that was by consent, and hence would not support trover, and that it was not removed until the fall of 1905, or 1906. Again, he says: "We shipped a part of the mill in 1905, early in the fall, and the rest in 1906."

(7, 8) We do not agree with counsel for appellants that the requested charge as to the pleas of limitations withdrew from the consideration of the jury all other defenses. The charge purported to deal only with the issues as to the statute of limitations, and if infected with misleading tendencies, this vice could and should have been corrected by explanatory charges, as was done by the oral charge of the court. While the giving of an absolutely erroneous charge cannot be cured by the giving of a correct one, whether oral or written, the mere misleading tendencies of a given charge may be thus corrected.

(9) Moreover, as we have before said, it was ruled on the former appeal, and we see no reason to depart from that holding, that this plaintiff had such possession, title, or right as would support trover, if the defendants really converted the property as alleged and as the proof tended to show. If it could be contended or found that he purchased as an agent or an officer of the lumber company, and not as an individual, still he acquired such rights as would support trover against one who subsequently converted the property. Such case is different from one involving the possession or custody of a mere overseer or caretaker, as is spoken of in the case of *Heygood v. State,* 59 Ala. 49. The correct rule as to the maintaining of trespass, trover, etc., against wrongdoers, by agents, or bailees in their own names, is stated in the opinion in the case of *Montgomery G. L. Co. v. M. & E. Ry. Co.,* 86 Ala. 372, 5 South. 735. Under no phase of the evidence was plaintiff's possession or custody (if such he had) that of a mere overseer or caretaker. Under all phases of the evidence, his custody, possession, and right, was coupled with such interest as would authorize him to maintain the action in his own name.

[Forbes & Carloss, et al. v. Plummer.]

(10) It is very true that when a plaintiff has only a special interest in the property converted, he can recover only the value of his interest against a defendant who owns the remaining interest; but this doctrine could not cut down the right of this plaintiff to damages.

(11) The defendants had no right which they could assert as a defense to the action or to mitigate the damages. The two notes claimed to have constituted the lien or incumbrance were not then enforceable, and, as shown by the undisputed evidence, never could mature or be enforced, and were in fact abandoned by the defendants as a claim, and destroyed; consequently defendants had no enforceable claim or demands against the property. They could not justify the conversion of the property, nor mitigate the damages, by showing that they once had a lien and right enforceable against the property, but which was lost by their own fault, and the evidence of it destroyed by themselves, before the time of the conversion.

We do not mean to hold that plea K set up a defense pro tanto to the action; but, if it did, the plea was not proven, for the reasons above stated. Hence there was no occasion to reduce plaintiff's recovery to merely nominal damages.

There is nothing here decided, contrary to the doctrine announced in the case of *Heflin v. Slay,* 78 Ala. 180.

(12) The purchaser at the foreclosure sale of the Fordyce mortgage acquired the interest of the lumber company, the mortgagee, and Fordyce's right to possession and usufruct, subject, of course, to the right of redemption. There is disclosed in this record nothing which tends to show that this sale in any way affected, or was intended to affect, the lien of Forbes & Carloss, who claimed under a prior mortgage or lien which is shown could never be enforced against the mortgagor lumber company or purchasers from it.

The defendant's contention is (and he so testified) that his notes and mortgage which constituted a lien or incumbrance on the property had been satisfied and destroyed; in fact, that the entire contract as to the sale of the mill and the logs terminated; while the plaintiff claims that the defendants had breached and refused to perform the contract as to the delivery of the logs. Such delivery being a condition precedent to the maturing of the notes and the foreclosure of the lien, and both the lumber company and the property were discharged from all liability on ac-

count of the notes and lien, whichever of these two theories be accepted, the result is fatal to any right of the defendants to collect the notes or to enforce the lien. So, if neither of these two theories be true, plea K was not established, and no reason is shown why the damages should be mitigated if plaintiff was entitled to recover.

If it had been made to appear that the defendants had any enforceable claim or lien upon the property, there would be force in appellants' contention that appellee ought not to recover except for the value of his own interest in the property; that he ought not to recover for that of the defendants therein. However, the undisputed evidence, even that of the defendants, shows that the defendants had no lien or equitable interest in the property, which could be enforced. They either owned the property and had the right to the possession (and hence there was no conversion), or they had no legal or equitable claim which could be enforced in a court of law or of equity; therefore if plaintiff was entitled to recover at all, he was entitled to recover the full value of the property.

It would be an anomaly in judicial proceedings, and a reproach to the system, should it sanction the conversion of property by one asserting a nonenforceable claim against it, which exceeded the value of the property, and, upon suit against such party in trover for the conversion, should defeat all recovery, except as for nominal damages, upon the assertion of such nonenforceable claim. This would encourage one to do by force what he cannot do in law or in equity.

Finding no error, the judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.