(81 South. 346)

MITCHELL v. SHELBY.   (2 Div. 193.)

(Court of Appeals of Alabama.   Feb. 4, 1919.
On Rehearing, March 18, 1919.)

1. TRIAL ⬲253(8)—INSTRUCTIONS—IGNORING EVIDENCE.

In action against administrator for board and washing furnished intestate, instructions that plaintiff was under no legal duty to furnish intestate, and that if she did she was entitled to reasonable compensation from administrator, though there was no express contract or agreement between her and intestate, were erroneous as ignoring affirmative issues presented by administrator's evidence as to whether board was furnished as gift or was paid for, and the issue of set-off.

2. APPEAL AND ERROR ⬲1064(1)—HARMLESS ERROR—INSTRUCTIONS.

In action against administrator for board and washing furnished intestate, instructions ignoring affirmative issues presented by defendant's evidence and in conflict with oral charge held reversible error.

Bricken, J., dissenting.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Action by Mrs. Lizzie Shelby against W. M. Mitchell as administrator. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following charges were given for the plaintiff:

(4) Mrs. Lizzie Shelby was under no legal duty to furnish J. R. Mitchell, Sr., with board,

and, if you believe from the evidence in this case that she did furnish him with board, then she is entitled to a reasonable compensation to be recovered of the defendant as the administrator of said J. R. Mitchell, Sr.

(5) Same as 4, with this addition: "Although there may have been no express contract or agreement between Mrs. Shelby and said J. R. Mitchell, Sr., relative to such board."

(7) Same as 4, except it had the words "and washing."

J. T. Ellison, of Centerville, Frank Dominick, of Birmingham, and S. D. & C. D. Logan, of Centerville, for appellant.

Lavendar & Thompson and Jerome T. Fuller, all of Centerville, for appellee.

BRICKEN, J. Appellee sued appellant in his representative capacity for a sum alleged to be due from appellant's intestate for board and lodging furnished by appellee, and had judgment for a part of her demands.

No exceptions are taken to the introduction of evidence, and the appellant says in brief that the court submitted to the jury in its oral charge: (1) Whether or not there was a positive contract between the plaintiff and defendant's intestate, for the payment of board; (2) whether or not there was an implied contract; (3) whether or not the services rendered by plaintiff to appellant's intestate were intended as a gift and so received by the intestate; and (4) whether or not there had been payment of the board and lodging furnished by plaintiff, during the lifetime of appellant's intestate.

These were all the issues presented by the pleadings and the evidence, and each was a jury question under the evidence.

But appellant complains of certain charges given for the plaintiff, insisting that they withdrew from the jury the question of payment by intestate during his life for the services rendered, as well as the question of a gift by plaintiff to appellant's intestate of these services.

An examination of the charges shows that they are not erroneous, but that at most they are only misleading. They do not withdraw from the jury consideration of the defenses set up, but deal only with payment, and the fact that plaintiff was under no legal duty to furnish intestate board and lodging. The rule is that charges positively erroneous cannot be cured by the giving of a correct one, whether oral or written; but this is without application when such charges possess misleading tendencies, or do not treat all of the matters in issue. The vice of these charges could have been corrected by explanatory charges, and they were corrected or rendered harmless by the full and ample oral instructions of the court. Forbes & Carloss v. Plummer, 198 Ala. 162, 73 South. 451.

A review of the record convinces us that the issues were fairly and properly submitted and that the cause should be affirmed.

Affirmed.

### On Rehearing.

PER CURIAM. [1, 2] In addition to the issues epitomized in the opinion heretofore promulgated, there was an issue of set-off. All of these issues were clearly submitted to the jury by the ex mero motu charge of the court, and correctly so, under the evidence in the case. Special charges 4, 5, and 7, given at the instance of the plaintiff, ignore the affirmative issues presented by some of the defendant's evidence, as to whether the board was furnished as a gift, or was paid for by the defendant's decedent, and the issue of set-off, and were to this extent in conflict with the oral charge of the court, and the giving of these charges constitutes reversible error. Ala. Steel & Wire Co. v. Thompson, 166 Ala. 460, 52 South. 75. The court is therefore of the opinion that the application for rehearing should be granted, the judgment of affirmance set aside, and that the cause should be reversed and remanded for new trial.

Application granted, judgment of affirmance set aside, reversed, and remanded.

BRICKEN, J. (dissenting). I cannot concur with the majority of this court in granting the application for rehearing, and in setting aside the judgment of affirmance, and in reversing and remanding this cause. As stated in the original opinion, I am convinced that issues involved were fairly, properly, and ably submitted to the jury and that the judgment in the court below should not be disturbed.

I cannot agree with my Brothers that charges 4, 5, and 7 given at the instance of plaintiff withdrew from the consideration of the jury other defenses relied upon in this case. These charges purported to deal only with the issue as to the legal duty of plaintiff to furnish board, lodging, washing, etc., to the deceased, and to this extent they contain absolute correct propositions of law, and are therefore not erroneous. In the case of Forbes & Carloss v. Plummer, 198 Ala. 162, 73 South. 451, it is said:

"A charge, in an action for the conversion of a saw mill, purporting to deal only with" one of the issues in the case "set up in the plea, did not withdraw all other defenses from the jury."

See, also, Twitty v. State, 168 Ala. 59, 68, 53 South. 308.

If these charges are subject to any criticism, the most that could be said of them is the criticism applied in the opinion that at most they are only misleading. And if as a matter of fact they were misleading, this vice could and should have been corrected by explanatory charges, which was done by the oral charge of the court. While the

giving of an absolutely erroneous charge cannot be cured by the giving of a correct one, whether oral or written, the mere misleading tendencies of a given charge may be thus corrected. Forbes & Carloss v. Plummer, supra.

The case of Ala. Steel & Wire Co. v. Thompson, 166 Ala. 460, 52 South. 75, cited by the majority, is not in point here. That case was an action of damages for personal injury to an employé, and the defenses interposed were naturally contributory negligence and assumption of risk, a special affirmative defense, and in effect made the one and only issue involved, and as a consequence the charges in question, ignoring, as they did, certain phases of the evidence on which the plaintiff might have been entitled to recover, notwithstanding the facts hypothesized in the charges, the criticism of such charges for these reasons was correct.

In the case at bar, it is manifest from the entire record and the verdict rendered by the jury that the defendant suffered no injury as a result of these charges. It affirmatively appears that the jury allowed every contention of the defendant on the trial of this case, and under the issues (1) as to whether the board was furnished as a gift, (2) or was paid for by the defendant's decedent, (3) and also the question of set-off. From my viewpoint, if there ever was or could be a case wherein rule 45 should be invoked, it is here. This rule was intended to obviate previous rulings as to reversing cases upon the mere presumption of injury, whenever error is shown, and makes it incumbent upon appellant to not only show error, but also that he was probably injured thereby. Sup. Ct. Rule 45 (175 Ala. xxi, 61 South. ix); Henderson v. Tenn. C. I. & R. R. Co., 190 Ala. 126, 67 South. 414. Injury is no longer presumed. Harrell v. Hooks, 16 Ala. App. 571, 80 South. 145; Wilson v. Owens Horse & Mule Co., 14 Ala. App. 467, 70 South. 956.