(108 So. 344)

## HOWTON v. E. I. DU PONT DE NEMOURS & CO. (6 Div. 620.)

(Supreme Court of Alabama. April 22; 1926.)

1. **Parties ☞65(1)—In action against alleged partners, individually and as a firm, allowing amendment of complaint, striking therefrom one defendant individually and the firm, over objection of other defendant, held not error (Code 1923, § 9513).**

In action against alleged partners, individually and as a firm, where the individual defendants denied the existence of partnership, allowing amendment of complaint striking therefrom one individual defendant and the firm over the objection of the other defendant *held* not error, under Code 1923, § 9513.

2. **Appeal and error ☞843(1)—Where ten assignments of error are treated in brief as presenting like questions, and first assignment is without merit, others will not be considered.**

Where ten assignments of error are treated in the brief as presenting like questions, *though varying unrelated questions of evidence* are there presented and the first assignment is without merit, the other assignments will not be considered.

3. **Appeal and error ☞1058(2)—Excluding questions whether defendant owed plaintiff anything held not reversible error, where defendant testified on same matter without objection.**

In an action on a verified account, exclusion of question asked defendant, whether he owed plaintiff anything, *held* not reversible error, where defendant testified without objection that he paid plaintiff all he owed, and gave the details as to same.

4. **Evidence ☞143—In suit on verified account, that defendant, who had been stricken from complaint, had separate account with plaintiff held immaterial.**

In suit on verified account, that defendant, who had been stricken from the complaint, had a separate account with plaintiff and insisted he was due nothing thereon, *held* immaterial.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Trial ⚙⚙260(1).**

Refusal of requested charges *held* not error, when sufficiently covered by oral charge and another given charge.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action by E. I. Du Pont De Nemours & Co. against Jack H. Howton and Sam Wallace, doing business as Howton & Wallace individually and as a firm. Sam Wallace and the firm were stricken as parties defendant. Judgment for plaintiff against defendant Jack H. Howton, and he appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

Counsel discusses the questions treated, but without citing authorities.

Thompson & Thompson, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Suit on verified account by appellee against appellant. As originally instituted the suit was against Jack H. Howton and Sam Wallace, partners doing business as Howton & Wallace, and against the firm. Pleas were filed by the two individual defendants denying the existence of any partnership, whereupon the plaintiff, with leave of the court, amended the complaint so as to strike therefrom said Wallace as a party to the cause, and also the partnership and any reference thereto, thus leaving the complaint as against Jack H. Howton alone.

[1] The first five assignments of error challenge the action of the court in permitting this amendment over defendant's objection. The amendment was properly allowed under the provisions of section 9513, Code of 1923. L. & N. R. R. Co. y. Stanley, 186 Ala. 95, 65 So. 39; Beitman v. Birmingham Paint Co., 185 Ala. 313, 64 So. 600; Plunkett v. Dendy, 197 Ala. 262, 72 So. 525; Vinegar Lumber Co. v. Hamilton, etc., Shoe Co., 129 Ala. 271, 29 So. 857; McCaskey & Ratcliff v. Pollack & Co., 82 Ala. 174, 2 So. 674; Lord v. Calhoun, 162 Ala. 444, 50 So. 402. These assignments are therefore without merit.

[2] Assignments 6 to 16 are considered and treated as presenting like questions, though varying unrelated questions of evidence are there presented. The sixth assignment is so clearly without merit as to need no discussion, and under the rule here prevailing (in view of the manner of treatment in brief above referred to) a consideration of other assignments may be pretermitted. Alexander

v. Alexander (Ala. Sup.) 107 So. 835;[1] Busht v. Bumgardner, 212 Ala. 456, 102 So. 629. Moreover, the treatment of these assignments in brief can scarcely be considered sufficient by way of argument.

[3] Assignments 17 to 22, inclusive, relate to the action of the court sustaining plaintiff's objections to questions propounded to defendant when a witness as to whether or not he owed the plaintiff anything. We are rather impressed that objections to like matters of evidence, as expressing a conclusion of the witness, have been pressed too far by the profession, and that the trial court might well have permitted the witness to so testify by way of a summary of his testimony and as a shorthand rendition of the facts. In no event, however, could these rulings avail appellant here.

The purchase and receipt of the goods was not denied by defendant, and the real litigated question in the case was upon his plea of payment. The defendant testified without objection that he "had paid them (plaintiff) all I owe them," and the detailed facts as to such payment, and thus received the full benefit of the testimony—objection to which constitutes these assignments. No reversible error here appears.

[4] The fact that Wallace had a separate account with plaintiff, and insisted he was due nothing thereon, was wholly immaterial to the issue here presented, and the objection thereto (assignment 23) was properly sustained.

The verified account was offered in evidence, and the witness for plaintiff testified as to the correctness of the several items thereof from personal knowledge.

As previously shown, the plaintiff was correctly permitted to amend the complaint so as to proceed against defendant Howton alone, and the proof was in accordance therewith. There was no material variance, and defendant was not entitled to the affirmative charge.

[5] Charges 1 and 4 refused to the defendant, were sufficiently covered by the oral charge of the court and given charge 2. Charge A was the affirmative charge just discussed.

The evidence upon the principal question of payment was in sharp conflict. The action of the court in overruling the motion for new trial needs no discussion. No error here can be predicated thereon.

We have considered the several assignments of error, and find no reversible error.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

⚙⚙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 291.