157 So.2d 453

**R. P. WHISENANT**

v.

**Mary WILLINGHAM et al.**

**7 Div. 708.**

Court of Appeals of Alabama.

Nov. 5, 1963.

Markstein & Cain, Birmingham, for appellant.

Embry & Whitten, Pell City, and J. Scott Vowell, Birmingham, for appellees.

CATES, Judge.

Mr. and Mrs. Willingham ran a gasoline filling station. Mr. Whisenant bought gasoline from them. They got judgment for $607.63 against him on action for account.

Mr. Whisenant asked for the affirmative charge and moved for a new trial. Both these requests were denied.

The appellant argues two points:

1) That the verdict is contrary to the great weight (and preponderance) of the evidence; and

2) That there was a fatal variance between pleading and proof.

### I.

There was evidence for the plaintiff of Mr. Whisenant's allowing his sons (who were originally parties but later dismissed) to charge gasoline to his account. He had in the past paid some of these bills.

Mr. Whisenant admitted on the stand that he did not keep a record of his indebtedness with the Willinghams, but did testify that he made some very substantial payments and that according to his best recollection he did not owe anything at the time suit was brought.

This, of course, when put against the plaintiff's evidence, presented a question of fact involving credibility of the witnesses. Of this credibility the jury, having the witnesses before them, was the sole judge. There being substantial evidence both ways, the trial court is not due to be reversed for letting the jury have the case.

### II.

As to the variance claimed between pleading and proof, the plaintiff amended in the course of the trial so as to dismiss all parties, except Mr. R. P. Whisenant. Code 1940, T. 7, § 139, reads:

"§ 139.  When a suit is instituted against several defendants, whether

sued as partners or otherwise, the plaintiff may recover against one or more, but is liable to costs to those against whom he does not obtain judgment."

█ It is to be pointed out that in their complaint, the Willinghams listed the defendants by name and described them individually and as partners.[1] This, of course, began the action against one or more of them in any particular capacity arising out of the designations. To drop some of them either qualitatively or quantitatively was without error. See Code 1940, T. 7, § 239 (amendment "whilst cause in progress"), and Howton v. E. I. Du Pont De Nemours Co., 214 Ala. 479, 108 So. 344.

At the close of the trial, defendant's counsel *orally* asked for the affirmative charge, contending the plaintiff's pleadings still called for proof of partnership. Code 1940, T. 7, § 273, requires the tender of a written charge to base a claim of supposed error.

The judgment below is due to be

Affirmed.

---

1. The sheriff's return shows service on all three.