FAULKNER, Justice.
This is the second time this case has been before us on certiorari. A detailed recitation of the facts appears in the original *45 opinion of the Court of Civil Appeals. Vester J. Thompson, Jr., Inc. v. Citmoco Services, Inc., 371 So.2d 35 (Ala.Civ.App.1977). Here it is sufficient to note that at trial the plaintiff, Vester J. Thompson, Jr., Inc. obtained a judgment for $4,849.11. Thompson appealed, claiming the judgment was inadequate and should have been for $8,937.90. The Court of Civil Appeals agreed with his position and reversed and remanded. 371 So.2d 35 (Ala.Civ.App.1977). On certiorari this Court reversed, stating that the Court of Civil Appeals had applied the wrong standard of appellate review, 371 So.2d 42 (Ala.1978). On remand, Thompson attempted to argue that the judgment had no support in the evidence and should, in any event, be at least $6,510.25. The Court of Civil Appeals refused to consider Thompson’s arguments, stating that they “[were] not presented by the original appeal and cannot now be considered.” 371 So.2d 43 (Ala.Civ.App.1978). The court affirmed the judgment of the trial court. We again granted certiorari.
On certiorari this time, we have reviewed the briefs originally filed with the Court of Civil Appeals, and have concluded that the issue which Thompson now relies on was in fact adequately presented by the original appeal. While it is not stated specifically as an issue, the body of Thompson’s brief does raise the point that, in any event, the judgment could be no less than $6,510.25. In this regard the brief stated, “Hence, if Thompson guaranteed Citmoco that the charge for engineering would not be in excess of $10,000, that is not the amount allowed Thompson in the judgment appealed from in this case. What mathematical computations the Trial Court used to arrive at a judgment for $4,849.11 have not been disclosed to us nor are they apparent.” The point is made even more clear in Thompson’s reply brief where Thompson began with the statements, “We charged that the amount of the Judgment by the Court in this case is irrational, illogical, and without support in the evidence or the law. [S]ince [defendants] say that Thompson agreed to charge an engineering fee which is in excess of that set out in the Judgment, it must be rendered upward. The only question on this appeal is: how much upward?” While Thompson’s briefs were perhaps inartful in that they did not state this point as a separate issue, we do think they were sufficient to apprise defendants and the appellate court that this aspect of the trial court’s findings was disputed on appeal. In fact, the point was argued extensively to us on certiorari the first time. Consequently, the Court of Civil Appeals erred when it stated on remand that it could not consider the issue as it was not presented in the original appeal.
Because this case has already spent considerable time before the appellate courts, the parties have asked us to dispense with a further remand, and to decide the sole remaining issue based on the arguments already presented. Accordingly, we proceed to consider whether the trial court’s judgment for $4,849.11 can be supported. The parties acknowledge that the judgment includes $697.25 Thompson advanced to Rowe Engineering Co. and $361.00 due to Thompson on a job to check the foundation, for a total of $1,058.25 undisputedly owed by Cit-moco to Thompson.
At this point it is settled that the parties’ contract called for a maximum price of $10,000. By the time the work was completed, Citmoco had paid Thompson $6,482.89. Thompson asserts that this figure included payments on two separate jobs: a preliminary survey and work order of August 30, 1973 ($1,934.89), and engineering fees covered by the disputed contract ($4,548.00). Citmoco asserts that the preliminary survey was also covered by the contract. Apparently the trial court agreed with Citmoco, thus arriving at a balance due on the contract of $3,517.11. Since the trial judge heard the evidence ore tenus his findings are favored with a presumption of correctness. Lipscomb v. Tucker, 294 Ala. 246, 314 So.2d 840 (1975). But, in this instance there is no evidence whatsoever to indicate that the preliminary survey was included in the contract. The preliminary *46 survey was requested by Chamberlain, Cit-moco’s president, on Thursday, August 30, 1973, and was to be ready for a discussion between the parties on Tuesday morning, September 4, 1973. To accommodate Cit-moco’s time schedule and at Chamberlain’s request Thompson had to conduct test bor-ings and otherwise complete the preliminary survey over Labor Day weekend. At this point there was no agreement that Thompson would handle the actual engineering. On August 30, Thompson sent Citmoco an “acknowledgment of order” with a schedule of fees attached. In the discussion on Tuesday, September 4, 1973, at which the $10,000 contract was entered into, the preliminary work was never even mentioned. The conversation looked to the design and supervision of the earthwork, and foundation for Citmoco’s storage tank. Following this conversation Thompson submitted a second “acknowledgment of order” dated September 17, 1973, with a second fee schedule attached. The two orders carried separate ID numbers which were specifically referred to in Thompson’s periodic invoices. Fee schedules were sent only with the “acknowledgments of order,” not the periodic invoices. All of these materials show that Thompson was treating the work as two separate jobs. Citmoco, apparently, neither questioned this nor indicated that it viewed the preliminary survey as part of the $10,000 contract.
The possibility of a $10,000 maximum price contract was an affirmative defense which was not specially pled, but was tried by agreement of the parties, as the Court of Civil Appeals previously noted. 371 So.2d 35, at 37-38 (Ala.Civ.App.1977). As an affirmative defense, it was Cit-moco’s burden to prove the existence, and terms of the fixed-price contract. See Forbes & Carloss v. Plummer, 198 Ala. 162, 73 So. 451 (1916); Carolina-Portland Cement Co. v. Alabama Construction Co., 162 Ala. 380, 50 So. 332 (1909). Nevertheless, Citmoco presented no evidence whatsoever to show that the preliminary survey was considered a part of the $10,000 contract. This work was completed before any contract was ever discussed, but was simply not mentioned at the meeting between Chamberlain and Thompson on September 4. The only materials in evidence bearing on this point were Thompson’s “acknowledgments of order” which clearly showed that the preliminary survey was being treated as a separate job. Thus, the trial court’s finding that the preliminary survey was subject to the $10,000 maximum price contract was plainly and palpably erroneous and cannot be affirmed.
Because the preliminary survey cannot be included in the $10,000 maximum price contract, Citmoco, having paid only $4,548.00 on the contract, owes a balance of $5,452.00. Added to this is $1,058.25 admittedly owed by Citmoco, for a total of $6,510.25 due to Thompson. The cause is reversed and remanded to the Court of Civil Appeals so that they may enter a judgment in favor of plaintiff Vester J. Thompson, Jr., Inc. for $6,510.25 plus interest.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C. J., and BLOODWORTH, JONES and BEATTY, JJ., concur.
MADDOX, SHORES and EMBRY, JJ., dissent.
ALMON, J., not sitting.